■ Louis Pippo, Respondent, v City of New York, Defendant, Hunts Point Terminal Produce Cooperative Association, Inc., Appellant-Respondent, and Kleinman & Hochsberg, Inc., et al., Respondents-Appellants. Hunts Point Terminal Produce Cooperative Association, Inc., Third-Party Plaintiff-Appellant-Respondent, v Kleinman & Hochsberg, Inc., Third-Party Defendant-Respondent-Appellant. [842 NYS2d 367]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered November 29, 2005, which, to the extent appealed from as limited by the briefs, denied the motion by defendants Kleinman & Hochsberg and Eskay Trucking (K & H) and the cross motion by defendant Hunts Point Terminal Produce for summary judgment dismissing the complaint and cross claims against them, unanimously reversed, on the law and the facts, without costs, K & H's motion, and Hunts Point's cross motion for summary judgment dismissing all claims and cross claims against them granted, and the complaint and third-party complaint dismissed. The Clerk is directed to enter judgment accordingly.

The IAS court improperly exercised its discretion in rejecting the arguments of the corporate defendants that good cause existed for seeking summary judgment more than 120 days after the filing of the note of issue, inasmuch as, inter alia, plaintiff filed the note of issue after allowing his case to languish for years, and before any deposition or physical examination of

him was conducted (*see e.g. Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 108 [2006]). Under the circumstances, including the corporate defendants' prompt but unsuccessful motions to vacate the note of issue, the subsequent discovery orders and ultimately their quest for summary judgment approximately five months after K & H's deposition, and even though appreciable discovery relating to plaintiff's medical condition remained, good cause existed to entertain the summary judgment motions (*see e.g. Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124 [2000]).

Turning to the merits of defendants' motions, it is settled that the duty of a landowner to take reasonable measures to remedy a dangerous condition caused by a storm is suspended while the storm is in progress, and does not commence until a reasonable time after the storm has ended (*Thompson v Menands Holding, LLC*, 32 AD3d 622, 623-624 [2006]; *Martin v Wagner*, 30 AD3d 733, 734 [2006]). In this matter, it is undisputed that plaintiff's fall occurred during a heavy, ongoing snowstorm. As a result, the burden shifted to plaintiff to demonstrate the existence of a triable issue of fact concerning defendants' negligence (*Wheeler v Grande'Vie Senior Living Community*, 31 AD3d 992 [2006]; *see also Powell v MLG Hillside Assoc.*, 290 AD2d 345, 345 [2002] [where this Court held that "evidence of a storm in progress presents a prima facie case for dismissal"]). Plaintiff, however, at his deposition, repeatedly testified that he did not know what caused him to fall. Indeed, when questioned specifically on the subject of the storm, plaintiff could not eliminate the possibility that he slipped on the snow and ice. The fact that plaintiff, in his affidavit in opposition to summary judgment, specifically identifies the debris he fell on, is unavailing, for as this Court has held on numerous occasions: "[a] party's affidavit that contradicts [his or] her prior sworn testimony creates only a feigned issue of fact, and is insufficient to defeat a properly supported motion for summary judgment" (*Harty v Lenci*, 294 AD2d 296, 298 [2002]; *Burkoski v Structure Tone, Inc.*, 40 AD3d 378 [2007]).

Finally, to the extent that plaintiff implied at his deposition that there were fruits and vegetables and broken pallet skids under the snow that he may have tripped on, we have consistently held that " '[w]here the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since he has failed to prove that the negligence of the defendant caused the injury' " (*Lynn v Lynn*, 216 AD2d 194, 195 [1995], quoting *Ingersoll v*

*Liberty Bank of Buffalo*, 278 NY 1, 7 [1938]), and "the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation" (*McNally v Sabban*, 32 AD3d 340, 341 [2006], quoting *Lynn v Lynn*, 216 AD2d at 195-196).

Here, plaintiff has failed to shoulder his burden of demonstrating the existence of an issue of fact as to defendants' negligence, warranting summary judgment in defendants' favor. Concur—Friedman, J.P., Nardelli, Gonzalez, McGuire and Malone, JJ.