■ MARIA DELEON, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [885 NYS2d 483]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.),

entered November 28, 2007, which granted defendant's motion for summary judgment dismissing the complaint and denied as moot plaintiff's cross motion for summary judgment on the issue of liability or, in the alternative, to strike defendant's answer for failure to comply with discovery orders, unanimously affirmed, without costs.

The *two-tenths-inch* height differential between the surface of the bathroom floor covered by tiles and the surface of the floor where tiles were missing, which plaintiff cited in her notice of claim, bill of particulars and deposition testimony as the cause of her accident, was de minimis (*see Gaud v Markham*, 307 AD2d 845, 845-846 [2003]).

Plaintiff's argument advanced in her opposition affidavit that the *two-inch* height differential between the bathroom floor and the adjacent hallway floor was a contributing cause of her fall went beyond mere amplification of the facts and offered a new and distinct theory of liability that contradicted her previous position, thus creating "only a feigned issue of fact" insufficient to defeat summary judgment (*see Burkoski v Structure Tone, Inc.*, 40 AD3d 378, 382-383 [2007] [internal quotation marks and citation omitted]).

Plaintiff's argument that it was not the two-tenths-inch height differential but some other "hole" in the bathroom floor that caused her fall is presented for the first time on appeal and will not be considered by this Court (*see e.g. Omansky v Whitacre*, 55 AD3d 373, 374 [2008]). Were we to consider the argument, we would reject it as wholly unsupported by the record. Concur—Gonzalez, P.J., Andrias, Catterson, Acosta and Abdus-Salaam, JJ.