Catterson, J.,
dissents in a memorandum as follows: Because I believe that the plaintiff failed to provide any admissible evidence identifying the condition which caused her to fall, I respectfully dissent.
On May 3, 2005, the plaintiff, while descending the stairway leading from the lobby of 1 Chase Plaza to the subway station, slipped on the fourth step from the bottom and fell down the stairs. The plaintiff brought an action against the Chase Manhattan Bank, N.A. and JPMorgan Chase & Co., the New York City Transit Authority, the Metropolitan Transit Authority, and the City of New York to recover damages for the injuries she sustained.
On January 17, 2007, at the plaintiffs deposition, defense counsel asked the plaintiff: “Did you ever learn what caused you to slip and fall?” The plaintiff answered: “No. I don’t.” Defense counsel then asked: “Do you remember what foot you were stepping.” Whereupon, the plaintiff interrupted: “No, I don’t. But I can come back to your question what really made me fall.” Defense counsel said: “No, I just want to know what foot you were stepping with.”
After defense counsel concluded his questioning, the plaintiffs attorney showed her photographs and asked: “By looking at the pictures . . . what do you think might have caused you to slip?” (emphasis added). The plaintiff responded, over defense counsel’s objections, “I believe it was the shiny part on the stairs.”
By notice dated January 22, 2008, the defendants moved for summary judgment dismissing the complaint. Citing the plaintiff’s deposition testimony, the defendants argued that plaintiffs failure to identify what caused her to fall was fatal to her case.
The plaintiff opposed the motion, arguing that defendants’ negligence in failing to have nonskid treads to fully cover the stairs constituted a dangerous condition. In support of her position, she submitted her deposition testimony which stated that she “believe[d] it was the shiny part on the stairs” that “might” have caused her to slip. Plaintiff also submitted an affidavit, dated May 9, 2008, wherein she attested that she was “caused *551 to slip and fall on the fourth step from the bottom . . . due to the fact that the steps were not completely covered by non-skid material.” The plaintiff further submitted the affidavit of a licensed professional engineer who asserted, inter alia, that the treads were not in compliance with section 27-375 of the Administrative Code of the City of New York.
The motion court denied the defendants’ motion. The court reasoned that there were questions of fact as to whether the plaintiff was injured as a result of the condition of the subject steps.
For the reasons set forth below, I believe that the motion court erred in denying summary judgment dismissing the plaintiffs complaint in its entirety. It is well settled that in slip and fall cases a defendant is entitled to summary judgment as a matter of law when a plaintiff provides testimony at a deposition that he/she was unable to identify the cause of the accident. (Reed v Piran Realty Corp., 30 AD3d 319 [1st Dept 2006], lv denied 8 NY3d 801 [2007]; Kane v Estia Greek Rest., 4 AD3d 189 [1st Dept 2004]; Birman v Birman, 8 AD3d 219 [2d Dept 2004].) While plaintiffs evidence need not positively exclude every possible cause of her fall other than alleged staircase defects, it must be sufficient to permit a finding of proximate cause based on logical inferences, not speculation. (Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743 [1986].)
Here, I believe that the defendants demonstrated prima facie entitlement to judgment as a matter of law through the deposition testimony of the plaintiff that she was unable to identify the cause of the fall. Moreover, I do not believe that the plaintiff, in opposition to defendants’ motion, produced any evidentiary proof sufficient to establish the existence of material issues of fact requiring a trial.
In my opinion, the motion court, in determining the existence of an issue of fact, improperly relied on plaintiffs deposition testimony that she “believe[d] it was the shiny part on the stairs” that “might” have caused her to slip. This testimony was solicited after the plaintiff told defense counsel that she wanted to “come back to your question what really made me fall.” The defense attorney, of course, was not bound by any answers the plaintiff wanted to provide. It was the obligation of her attorney to subsequently ask her the same direct question. Instead, he phrased the question in a way (“what do you think might have caused you to slip?” [emphasis added]) that invited the plaintiff to speculate. Thus, her speculative answer was insufficient to raise an issue of fact.
Further, the motion court improperly relied on the plaintiffs *552 affidavit which, in my view, merely created a “feigned” issue of fact. This Court has found that “ ‘[a] party’s affidavit that contradicts [his or] her prior sworn testimony creates only a feigned issue of fact, and is insufficient to defeat a properly supported motion for summary judgment.’ ” (Pippo v City of New York, 43 AD3d 303, 304 [1st Dept 2007], quoting Harty v Lenci, 294 AD2d 296, 298 [1st Dept 2002].) Here, the plaintiff unequivocally testified at her deposition that she did not know what caused her to fall. Thus, I would reject the plaintiffs contradictory attestation, in an affidavit executed approximately four months after the defendants filed for summary judgment and approximately 16 months after her deposition, that she was caused to fall because the steps were not completely covered by nonskid material.
In the absence of any evidence connecting the alleged violation to the plaintiffs fall, I do not believe that any reasonable inferences as to causation can be drawn from plaintiffs expert’s opinion that the staircase violated the New York City Administrative Code, creating an unsafe condition. (See Reed, 30 AD3d at 320.) Accordingly, I would grant summary judgment dismissing the complaint.