■ JANE OWENS, Respondent, v COOPER SQUARE REALTY, Appellant, et al., Defendant. [937 NYS2d 37]—

Defendant made a prima facie showing that it did not create or have notice of the alleged slippery condition of the floor (*see Katz v New York Hosp.*, 170 AD2d 345 [1991]). Indeed, defendant's porter testified that he swept and mopped the area three times a week, including on the morning of the accident, and waited for the floor to dry before proceeding to another floor. Defendant's handyman testified that he inspected the area immediately after the accident and found that it was dry. Both the porter and handyman testified that there had been no complaints concerning the area before the accident.

Plaintiff, however, failed to raise a triable issue of fact. She testified that the floor was shiny, slippery, and overwaxed or overbuffed. Yet, in opposition to the summary judgment motion, plaintiff relies on her expert's affidavit that states the accident was caused by a soapy water residue on the floor, left after the porters' mopping. The expert's opinion contradicts plaintiff's testimony regarding the condition of the floor at the time of her accident. Moreover, the affidavit is speculative (*DeLeon v New York City Hous. Auth.*, 65 AD3d 930 [2009]; *Bean v Ruppert Towers Hous. Co.*, 274 AD2d 305, 307-308 [2000]; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392 [2000]). Concur—Tom, J.P., Moskowitz, Richter, Abdus-Salaam and Román, JJ.