■ ETHAN RAND, Appellant, v CORNELL UNIVERSITY, Respondent. [937 NYS2d 49]—

Defendant established its entitlement to judgment as a matter of law, in this action for personal injuries allegedly sustained when plaintiff slipped and fell on a sheet of ice on the sidewalk outside defendant's building. At the time of the fall, it was "cold with very light flurries," and plaintiff alleges that the sheet of ice "was under the flurried snow." Defendant submitted, inter alia, the affidavit of a climatologist and weather data from the day of the accident showing that a storm was in progress at the time of the accident (*see Pipero v New York City Tr. Auth.*, 69 AD3d 493 [2010]; *Powell v MLG Hillside Assoc.*, 290 AD2d 345 [2002]).

In opposition, plaintiff submitted an affidavit of a meteorologist who concluded that the hazardous icy condition preexisted the storm and was created by the melting and refreezing of

snow that had accumulated from snowfalls that occurred several days before the accident date. However, nothing in the record supports the expert's claim that snow had accumulated on "exposed, undisturbed (i.e., not shoveled, plowed, walked upon, etc.) and untreated (i.e., not salted) ground" outside the building where plaintiff fell. Indeed, the lead custodian of the building stated that the entrance area where plaintiff fell was salted and shoveled at least twice per weekday; that the area had been cleared of snow for an event held at the building a week before the accident; and that his staff would never let snow accumulate so close to the building's heavily traveled entrance area. Accordingly, the conclusion of plaintiff's expert that the melting and refreezing of accumulated snow caused plaintiff's fall is speculative and fails to raise an issue of fact as to whether plaintiff slipped on "old ice" (*see Bernstein v City of New York*, 69 NY2d 1020, 1022 [1987]; *Hamill v City of New York*, 52 NY2d 1045 [1981], *affg* 78 AD2d 792 [1980]; *compare Tubens v New York City Hous. Auth.*, 248 AD2d 291 [1998]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.