DANIEL PURCELL et al., Respondents-Appellants, v METLIFE INC. et al., Respondents, et al., Defendant. METLIFE

Inc. et al., Third-Party Plaintiffs-Respondents, v North East-
ern Fabricators, Inc., Third-Party Defendant-Appellant-
Respondent. (And a Second Third-Party Action.) [969 NYS2d 43]—

Order, Supreme Court, New York County (Paul Wooten, J.),
entered April 24, 2012, which, to the extent appealed from as
limited by the briefs, granted defendants-respondents' motions
for summary judgment dismissing plaintiff Daniel Purcell's
Labor Law § 200 claim as against defendant JRM Construction
Management LLC and the Labor Law § 241 (6) claim against
both defendants to the extent predicated upon alleged violations
of Industrial Code (12 NYCRR) §§ 23-1.7 (e), 23-1.11 and
23-1.22 (b) (2), granted third-party plaintiffs' motions for
conditional summary judgment on their contractual indemnifica-
tion claim against third-party defendant, and denied so much of
third-party defendant's cross motion for summary judgment as
sought dismissal of third-party plaintiffs' contractual indemnifi-
cation claim against it, unanimously affirmed, without costs.

The motion court properly dismissed plaintiff's Labor Law
§ 200 claim against defendant JRM, because there is no evi-
dence that JRM supervised the means or methods of plaintiff's
work (*see Hughes v Tishman Constr. Corp.*, 40 AD3d 305, 306
[1st Dept 2007]), and no evidence that it created or had actual
or constructive notice of the allegedly dangerous condition that
caused plaintiff's injury (*see Berger v ISK Manhattan, Inc.*, 10
AD3d 510, 512 [1st Dept 2004]; *see generally Cappabianca v
Skanska USA Bldg. Inc.*, 99 AD3d 139, 144 [1st Dept 2012]).

The motion court also properly dismissed plaintiff's Labor
Law § 241 (6) claims to the extent indicated. Industrial Code
(12 NYCRR) § 23-1.7 (e) (1) is inapplicable, since plaintiff testi-
fied that he slipped on wet plywood while carrying a heavy steel
beam, and there is no evidence in the record that plaintiff
tripped. Moreover, plaintiff's accident did not take place in a
"passageway" within the meaning of that provision; rather, it
occurred in an open-work area on the eighth-floor roof setback
of the work site (*see Dalanna v City of New York*, 308 AD2d 400,
401 [1st Dept 2003]). Section 23-1.7 (e) (2) is inapplicable
because the wet plywood on which plaintiff slipped is not
"debris" or any of the other obstructions listed in that provi-
sion; plaintiff does not claim to have slipped or tripped on any
scattered tools or other materials (*see Johnson v 923 Fifth Ave.
Condominium*, 102 AD3d 592, 593 [1st Dept 2013]). Section
23-1.11 is inapplicable, since plaintiff does not claim that his ac-
cident was caused by defects in the lumber and nail fastenings

used in the construction of the plywood (*see Maldonado v Townsend Ave. Enters., Ltd. Partnership*, 294 AD2d 207, 208 [1st Dept 2002]). Section 23-1.22 (b) (2) is also inapplicable, since the plywood is neither a runway nor a ramp (*see Gray v City of New York*, 87 AD3d 679, 680 [2d Dept 2011], *lv denied* 18 NY3d 803 [2012]).

The motion court correctly found that third-party plaintiffs are entitled to conditional summary judgment on their contractual indemnification claim against third-party defendant. The indemnity provision at issue does not violate General Obligations Law § 5-322.1, as it does not require third-party defendant to indemnify third-party plaintiffs for their own negligence (*cf. Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 794 [1997]). Concur—Mazzarelli, J.P., Acosta, Saxe, Freedman and Clark, JJ.