■ CHRIS STIER, Appellant, v ONE BRYANT PARK LLC et al., Respondents. [979 NYS2d 65]—

Defendants established their entitlement to judgment as a matter of law on plaintiff's Labor Law § 200 and common-law negligence claims, and plaintiff failed to raise a triable issue of fact as to such claims. Defendants' evidence established that they neither created the allegedly dangerous condition nor had actual or constructive notice of it. While an employee of defendant Tishman Construction Corporation of New York testified that the duct tape securing the masonite in the general area outside the elevators at the C-2 level needed "sprucing up" because it was starting to "deteriorate," this testimony is insufficient to establish that defendants had actual notice that the subject masonite was unsecured at the time of plaintiff's accident (*see Rodriguez v Dormitory Auth. of the State of N.Y.*, 104 AD3d 529 [1st Dept 2013]). Contrary to plaintiff's claim, there was no evidence of a recurring condition at the subject piece of masonite that routinely went unaddressed (*compare Hill v Lambert Houses Redevelopment Co.*, 105 AD3d 642 [1st Dept 2013]).

Moreover, the evidence demonstrates that defendants did not have the authority to control the activity bringing about plaintiff's injury to enable them to avoid or correct an unsafe condition (*cf. Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]). Nor did they have responsibility for maintenance of the masonite on the floor where plaintiff's injury occurred, since that level of the building had been turned over to a nonparty entity, which continued construction on that floor level.

Dismissal of plaintiff's Labor Law § 241 (6) claim was warranted. There was no evidence that plaintiff's accident was the result of a failure to remove or cover a foreign substance, and masonite is not a slipping hazard contemplated by 12 NYCRR 23-1.7 (d) (*see Croussett v Chen*, 102 AD3d 448 [1st Dept 2013]). Furthermore, 12 NYCRR 23-1.7 (e), which requires work areas to be kept free of tripping hazards, is inapplicable because plaintiff does not allege that he tripped on an accumulation of dirt or debris. Rather, he testified that he slipped on an unsecured piece of masonite, which was not a tripping hazard (*see Purcell v Metlife Inc.*, 108 AD3d 431 [1st Dept 2013]).

We decline to consider plaintiff's fact-based argument that his accident arose from a slippery condition caused by construction dust since it is raised for the first time on appeal (*see DeLeon v New York City Hous. Auth.*, 65 AD3d 930 [1st Dept [2009]). Were we to consider the argument, we would find that the it lacks support in the record. Concur—Acosta, J.P., Saxe, Moskowitz and Feinman, JJ.