■ WILLIAM DePAUL, JR., et al., Respondents-Appellants, v NY BRUSH LLC et al., Appellants-Respondents, and RUTTURA & SONS CONSTRUCTION Co., INC., Respondent/Third-Party Defendant-Respondent. NY BRUSH LLC et al., Third-Party Plaintiffs-Appellants, v COASTAL ELECTRIC CONSTRUCTION CORP., Third-Party Defendant. [981 NYS2d 75]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered January 2, 2013, which, insofar as appealed from, denied the part of defendants Holt Construction Corp., Pepsi Cola Bottling Company of New York, Inc., and NY Brush LLC's (collectively, defendants) motion for summary judgment that sought to dismiss the Labor Law § 200 and common-law negligence claims as against them, granted the part of their motion that sought to dismiss the Labor Law § 241 (6) claim as against them, denied the part of their motion that sought summary judgment on their contractual indemnification claim against defendant/third-party defendant Ruttura & Sons Construction Co., Inc., and granted the part of Ruttura's motion for summary judgment that sought to dismiss the aforementioned contractual indemnification claim, unanimously modified, on the law, to deny defendants' motion as to the Labor Law § 241 (6) claim insofar as it is predicated on a violation of Industrial Code (12 NYCRR) § 23-1.11 (a), and to deny the part of Ruttura's motion that sought to dismiss the contractual indemnification claim against it, and otherwise affirmed, without costs.

Defendants, who do not dispute that plaintiff's injuries arose from a dangerous condition, failed to demonstrate that they did not have constructive notice of that dangerous condition, which was a wooden plank that plaintiff testified broke underneath him while he was walking across it, and thus are not entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence claims. Plaintiff's photographs of the site, taken immediately after he fell, show three wooden planks

lined up side by side but unconnected. The job superintendent and the site safety manager of defendant Holt, the general contractor, admitted that these photos showed planks that were wet and rotten, posing a hazard to any workers walking across them. These Holt employees denied that Holt placed the planks there, and testified that they did not see any dangerous condition on the site before the accident. However, they both conducted regular inspections of the whole site, and the site safety manager would have inspected the subject area about an hour before plaintiff fell. Moreover, plaintiff testified that he had seen planks there for three weeks preceding his accident, and the defects observed in the planks would tend to be longstanding. This evidence raises triable issues of fact about Holt's constructive notice (*see Picaso v 345 E. 73 Owners Corp.*, 101 AD3d 511 [1st Dept 2012]; *Burton v CW Equities, LLC*, 97 AD3d 462, 462 [1st Dept 2012]). Defendants Brush and Pepsi also failed to demonstrate that they neither created nor had actual or constructive notice of the dangerous condition that caused plaintiff's injuries, since they do not point to any probative evidence on these questions.

Insofar as the Labor Law § 241 (6) claim is based on a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (1), it should be dismissed because the accident occurred in an open working area, the evidence that workers traversed the plank to get from the street to the job site notwithstanding (*see Dalanna v City of New York*, 308 AD2d 400, 401 [1st Dept 2003]). However, insofar as it based on a violation of 12 NYCRR 23-1.11 (a), the section 241 (6) claim should not be dismissed because defendants failed to demonstrate that the accident was not caused by unsound or defective lumber (*see Purcell v Metlife Inc.*, 108 AD3d 431, 432-433 [1st Dept 2013]).

Neither defendants nor defendant Ruttura is entitled to summary judgment on defendants' contractual indemnification claim against Ruttura. The subcontract between Holt and Ruttura broadly requires the latter to indemnify defendants for, inter alia, any claims arising from or in connection with Ruttura's performance of the work. The subcontract requires Ruttura to keep its work areas free of debris and unsafe conditions. The accident occurred in an area of the exterior parking lot where Ruttura, the concrete subcontractor, had graded the ground and reinforced it with rebar in preparation for pouring concrete. Thus, plaintiff's accident may be connected with Ruttura's performance of its work insofar as Ruttura may have failed to satisfy its contractual obligation to keep this area clear of debris, such as the concededly hazardous planks. However, as

indicated, issues of fact exist as to the extent of defendants' liability for plaintiff's injuries (*see Callan v Structure Tone, Inc.*, 52 AD3d 334, 335 [1st Dept 2008]). Concur—Tom, J.P., Friedman, Saxe, Richter and Clark, JJ.