■ 291 Broadway Realty Associates, Also Known as 291 Broadway Realty Associates, LLC, et al., Appellants, v Weather Wise Conditioning Corp., Respondent, et al., Defendant. [988 NYS2d 28]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 24, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on their contractual indemnification claim against defendant Weather Wise Conditioning Corp., unanimously affirmed, without costs.

The underlying action, in which nonparty Edwin Martinez asserted Labor Law claims against the plaintiffs herein, was settled before trial. Plaintiffs now seek contractual indemnification from Martinez's employer, defendant Weather Wise, pursuant to an indemnification provision included in Weather Wise's HVAC service contract with plaintiff Starbucks Corporation, which required Weather Wise to indemnify Starbucks for all claims, damages, liability, and expenses incurred by reason of its breach of its contractual warranties and obligations to Starbucks and its "negligent and/or willful acts or omissions in carrying out its obligations under th[e] [HVAC] Agreement."

The indemnity provision at issue does not violate General Obligations Law § 5-322.1, as it does not require Weather Wise to indemnify plaintiffs for their own negligence (*see Purcell v Metlife Inc.*, 108 AD3d 431, 433 [1st Dept 2013]). Nonetheless, the court properly denied plaintiffs' motion for summary judgment, because plaintiffs failed to make a prima facie showing that Martinez's injuries were caused by Weather Wise's breach of the HVAC contract and/or negligent performance of the contract (*cf. 385 Third Ave. Assoc., L.P. v Metropolitan Metals Corp.*, 81 AD3d 475, 476-477 [1st Dept 2011], *lv denied* 17 NY3d 702 [2011]). The deposition testimony submitted by plaintiffs of Martinez and his coworker contained conflicting accounts of the material facts surrounding the underlying accident, thus raising triable issues of fact as to whether Martinez was negligent and, if so, whether such negligence was a proximate cause of his injuries.

Even if plaintiffs met their burden, Weather Wise raised triable issues of fact as to whether plaintiffs were negligent, by submitting an affidavit from defendant Gabe Construction Corp.'s president indicating that Starbucks created, or at least had constructive notice of, the condition that purportedly caused Martinez's injuries. It was not necessary for Weather Wise to show that Starbucks exercised supervisory control over the injury-producing work, because the underlying negligence claims were based on a dangerous condition on the site and not

on Martinez's employer's methods or materials (*see Minorczyk v Dormitory Auth. of the State of N.Y.*, 74 AD3d 675, 675 [1st Dept 2010]). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Freedman and Kapnick, JJ.