■ ANTHONY CLEMENT, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [997 NYS2d 18]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered March 26, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The court properly granted defendant's motion based on the "storm in progress" defense (*see Powell v MLG Hillside Assoc.*,

290 AD2d 345 [1st Dept 2002]; *Pippo v City of New York*, 43 AD3d 303, 304 [1st Dept 2007]). Although defendant inadvertently omitted the relevant climatological data from its initial motion papers, the affirmation of its counsel stated that it was snowing from about 11 p.m. on the night before the accident until 5 a.m., more than three hours after the accident, and plaintiff testified that it had stopped snowing only two hours before his fall. The obligation to take reasonable measures to remedy a dangerous condition caused by a storm does not commence until a reasonable time after the storm has ended (*see Weinberger v 52 Duane Assoc., LLC*, 102 AD3d 618, 619 [1st Dept 2013]). Based on plaintiff's testimony alone, a reasonable time had not yet elapsed.

Plaintiff failed to raise a triable issue of fact concerning whether defendant breached a duty to clean the subway stairs when trace amounts of precipitation were falling (*see Prince v New York City Hous. Auth.*, 302 AD2d 285 [1st Dept 2003]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ. **[Prior Case History: 2012 NY Slip Op 33103(U).]**