# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1274**

**CA 14-01026**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND DEJOSEPH, JJ.

---

RENEE L. GILBERT AND CHUCK GILBERT,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

TONAWANDA CITY SCHOOL DISTRICT AND MULLEN
ELEMENTARY SCHOOL, DEFENDANTS-APPELLANTS.

---

HURWITZ & FINE, P.C., BUFFALO (JODY E. BRIANDI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered February 3, 2014. The order denied defendants' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Renee L. Gilbert (plaintiff) and her husband commenced this action seeking damages for injuries plaintiff allegedly sustained when she slipped and fell on a snowy and icy stairway located on defendants' premises. Defendants moved for summary judgment dismissing the complaint, contending that they had no duty to correct the hazardous condition because there was a storm in progress at the time plaintiff fell, and Supreme Court denied the motion. We reverse. Defendants met their initial burden by establishing that a storm was in progress at the time of the accident and, thus, that they "had no duty to remove the snow and ice until a reasonable time ha[d] elapsed after cessation of the storm" (*Glover v Botsford*, 109 AD3d 1182, 1183 [internal quotation marks omitted]). The accident occurred shortly before noon on January 21, 2011, when plaintiff exited the elementary school. According to defendants' meteorologist and the weather reports upon which he relied, there was an ongoing storm that lasted from 5:00 p.m. on January 20, 2011 through late afternoon on January 21, 2011 involving high wind gusts, as well as blowing, drifting and falling snow. Furthermore, two school employees testified that there was a storm occurring both before and at the time plaintiff fell, which included sideways-blowing snow, significant wind and extremely cold temperatures. "[E]ven if there was a lull or break in the storm around the time of plaintiff's accident, this does not

establish that defendant[s] had a reasonable time after the cessation of the storm to correct hazardous snow or ice-related conditions" (*Mann v Wegmans Food Mkts., Inc.*, 115 AD3d 1249, 1250 [internal quotation marks omitted]). Contrary to plaintiffs' contention, they failed to raise a triable issue of fact " 'whether the accident was caused by a slippery condition at the location where the plaintiff fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant[s] had actual or constructive notice of the preexisting condition' " (*Quill v Churchville-Chili Cent. Sch. Dist.*, 114 AD3d 1211, 1212; *see Rand v Cornell Univ.*, 91 AD3d 542, 542-543; *cf. Hayes v Norstar Apts., LLC*, 77 AD3d 1329, 1330).

Entered: January 2, 2015

Frances E. Cafarell
Clerk of the Court