DANIS SANTANA, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [10 NYS3d 47]—

Order, Supreme Court, New York County (George J. Silver, J.), entered March 5, 2014, which granted defendant New York City Housing Authority's (NYCHA) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The award of summary judgment to NYCHA was proper based on the storm in progress doctrine. The parties' expert meteorologists both opined that the icy condition of the ramp on which plaintiff fell was the result of overnight snow that did not end until 6:03 a.m., about 82 minutes before the accident occurred at 7:25 a.m. on January 2, 2010, when a holiday

schedule was in effect. Under the circumstances, as a matter of law, a reasonable amount of time had not elapsed between the end of the snowfall and the accident to charge NYCHA with notice of the icy condition and a duty to remedy the condition (*see Clement v New York City Tr. Auth.*, 122 AD3d 448 [1st Dept 2014]; *Espinell v Dickson*, 57 AD3d 252, 253-254 [1st Dept 2008]; *Urena v New York City Tr. Auth.*, 248 AD2d 377, 377-378 [2d Dept 1998]).

Plaintiff's contention that NYCHA's employees caused and created the alleged defect by clearing the snow without sanding and salting the icy surface prior to the accident is speculative, and contrary to the meteorologists' opinions that the icy condition formed overnight.

The affidavit of plaintiff's expert professional engineer regarding the condition of the ramp lacks probative value, because he never stated that he inspected the ramp, and had no basis for opining that it had remained in the same condition since a prior accident (*see Snauffer v 1177 Ave. of the Ams. LP*, 78 AD3d 583 [1st Dept 2010]; *Figueroa v Haven Plaza Hous. Dev. Fund Co.*, 247 AD2d 210 [1st Dept 1998]). Moreover, his contention that a crack in the ramp played a role in the accident is speculative because it contradicts plaintiff's testimony that it was the icy condition of the ramp that caused the accident (*see Owens v Cooper Sq. Realty*, 91 AD3d 515 [1st Dept 2012]). Concur—Tom, J.P., Friedman, DeGrasse, Richter and Kapnick, JJ.