■ JOSE SANTIAGO, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [55 NYS3d 189]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 22, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established entitlement to judgment as a matter of law, in this action where plaintiff was injured when he slipped and fell while attempting to walk on snow that had been pushed to the side of a walkway that was near the rear entrance of a building owned and maintained by defendant. Plaintiff alleges that he did not walk on the 16-inch-wide shoveled pathway made by defendant's employee approximately a half an hour before the accident, because there was an icy

condition on it and he believed that it would be safer to walk on the snow that was beside the shoveled path. However, defendant submitted evidence, including certified climatological records, showing that freezing rain and snow started falling approximately one hour before the accident, as temperatures were decreasing from 34 to 31 degrees. Under these circumstances, defendant is entitled to the storm-in-progress defense, because the evidence shows that the icy condition that allegedly forced plaintiff from the shoveled path developed during the snow storm that commenced shortly before the happening of the accident (*see Clement v New York City Tr. Auth.*, 122 AD3d 448 [1st Dept 2014]; *Weinberger v 52 Duane Assoc., LLC*, 102 AD3d 618 [1st Dept 2013]).

In opposition, plaintiff failed to raise a triable issue of fact as to whether defendant created or exacerbated the icy condition through its snow removal activities, or that the ice existed on the walkway's shoveled path prior to the storm (*compare Ndiaye v NEP W. 119th St. LP*, 124 AD3d 427, 428 [1st Dept 2015]). The record shows that plaintiff testified that he did not know how long the ice had been on the path prior to the accident and that he saw it for the first time when he fell. Plaintiff's reliance upon his errata sheet to amend his testimony to support his claim that he saw the ice on the shoveled path from his window two days before the accident fails, because the testimony and amendments refer to snow on the entire walkway rather than ice on the path that was shoveled shortly before his fall. Furthermore, the record is devoid of evidence that defendant's snow removal efforts during the storm made the walkway more dangerous, or that defendant was negligent in permitting the accumulation of snow on either side of the shoveled pathway to exist (*compare Santiago v New York City Hous. Auth.*, 274 AD2d 335 [1st Dept 2000]). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.