DeJesus v Belle Apts. Hous. Dev. Funding Corp. (2021 NY Slip Op 00621)





DeJesus v Belle Apts. Hous. Dev. Funding Corp.


2021 NY Slip Op 00621


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Index No. 23655/13 Appeal No. 13024 Case No. 2019-03996 

[*1]Angel DeJesus, Plaintiff-Appellant,
v
Belle Apartments Housing Development Funding Corp., Defendant-Respondent, The City of New York, Defendant.


The Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph of counsel), for appellant.
Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for respondent.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about August 19, 2019, which granted defendant Belle Apartments Housing Development Funding Corp.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The motion court properly granted defendant's motion for summary judgment based on the storm in progress defense (see Sherman v New York State Thruway Auth., 27 NY3d 1019 [2016]; Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005]; see also Administrative Code of the City of New York § 16-123[a]). Defendant established that there was an ongoing storm at the time plaintiff allegedly slipped and fell on an icy condition by submitting plaintiff's testimony acknowledging that it was snowing at the time (see Mimikos v City of New York, 161 AD3d 674 [1st Dept 2018]), as well as the weather records and an expert affidavit from a meteorologist (see Lowenstern v Sherman Sq. Realty Corp. (165 AD3d 432, 432 [1st Dept 2018], lv denied 33 NY3d 906 [2019]). The meteorological evidence established that in the hours prior to the accident freezing rain and sleet was falling and at the time of the accident, there was a mix of light snow and sleet, all of which resulted in new ice forming on the sidewalk covered by about 1½ inches of snow.
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's argument that he slipped on old ice is unsupported by any evidence. Merely stating that the ice appeared to be about one-half or three-quarters inches thick is insufficient evidence to raise a question of fact as to whether the ice that caused plaintiff to slip and fall was from a prior storm (see Small v Coney Is. Site 4A-1 Houses, Inc., 28 AD3d 741, 742 [2d Dept 2006], lv dismissed 7 NY3d 887 [2006]). The record shows that on the day before the accident there was no precipitation and the temperature was above freezing. There was also no evidence that any prior storm could have caused the icy condition on the sidewalk.
Plaintiff's argument that an issue of fact exists as to whether defendant created or exacerbated the dangerous condition is unpreserved and, in any event, unavailing (see Giron v New York City Hous. Auth., 187 AD3d 603, 603 [1st Dept 2020]). The record is devoid of any evidence that defendant made any efforts during the storm to remove any snow or ice (see Santiago v New York City Hous. Auth., 150 AD3d 545, 546 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021