Ponce v BLDG Orchard, LLC (2021 NY Slip Op 01215)





Ponce v BLDG Orchard, LLC


2021 NY Slip Op 01215


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Ind No. 157103/15, 595540/16 Appeal No. 13222 Case No. 2020-02901 

[*1]Francisca Ponce, Plaintiff-Appellant,
v
BLDG Orchard, LLC, et al., Defendants-Respondents. [And a Third-Party Action.]


The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
Perry, Van Etten, Rozanski & Kutner, LLP, Melville (John J. Ullrich of counsel), for BLDG Orchard, LLC and BLDG Management Co., Inc., respondents.
Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, P.C., New York (Eric S. Schlesinger of counsel), for LIC Sweater Co., respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered December 23, 2019, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court properly granted defendants' respective summary judgment motions based on the storm-in-progress defense (Pippo v City of New York, 43 AD3d 303, 304 [1st Dept 2007]; Powell v MLG Hillside Assoc., 290 AD2d 345, 345 [1st Dept 2002]). Their expert meteorologist opined that the icy condition on the staircase where plaintiff fell was the result of snowfall that day, which stopped approximately 35 to 40 minutes prior to the accident. A reasonable amount of time had not elapsed between the end of the snowfall and the accident to charge defendants with notice of the icy condition and a duty to remedy the condition (see Santana v New York City Hous. Auth., 128 AD3d 564, 564-565 [1st Dept 2015]; Clement v New York City Tr. Auth., 122 AD3d 448, 449 [1st Dept 2014]; Weinberger v 52 Duane Assoc., LLC, 102 AD3d 618, 619 [1st Dept 2013]). Further, plaintiff testified that she had not seen ice on the steps at any time before her accident.
In opposition, plaintiff failed to raise an issue of fact. The conclusion of her expert that the melting and refreezing of accumulated snow from prior snowfall caused plaintiff's fall was speculative (see Rand v Cornell Univ., 91 AD3d 542, 543 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021