Fischer v VNO 225 W. 58th St. LLC (2023 NY Slip Op 01955)

Fischer v VNO 225 W. 58th St. LLC

2023 NY Slip Op 01955

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Webber, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 

Index No. 152811/18 Appeal No. 50 Case No. 2022-04507 

[*1]William Fischer et al., Plaintiffs-Respondents-Appellants,
v
VNO 225 West 58th Street LLC et al., Defendants-Appellants-Respondents. 

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants-respondents.
The Gucciardo Law Firm, PLLC, Mineola (Daniel P. Maltese of counsel), for respondents-appellants.

Order, Supreme Court, New York County (William Perry, J.), entered March 23, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim, denied plaintiff's motion for summary judgment on the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-5.1, and granted plaintiff's motion insofar as predicated on Industrial Code (12 NYCRR) § 23-1.22(b)(2) and striking defendants' affirmative defense of comparative fault, unanimously modified, on the law, to deny plaintiff's motion as to the Labor Law § 241(6) claim predicated on 12 NYCRR 23-1.22(b)(2), and otherwise affirmed, without costs.
In this action in which plaintiff fell from an elevated plywood platform that ran from an exterior hoist of a building into a mechanical room, the court should not have granted plaintiff summary judgment on his Labor Law § 241(6) claim predicated on 12 NYCRR 23-1.22(b)(2), because the record evidence fails to show that the plywood platform was a runway or ramp intended for the use of "persons only" (see Purcell v Metlife Inc., 108 AD3d 431, 432-433 [1st Dept 2013]).
The court properly denied plaintiff's motion as to the Labor Law § 241(6) claim predicated on 12 NYCRR 23-5.1. The platform from which plaintiff fell was used by workers to transport materials from the hoist to the mechanical room, and it did not serve as the functional equivalent of a scaffold (see Mutadir v 80-90 Maiden Lane Del LLC, 110 AD3d 641, 643 [1st Dept 2013]; see also Maldonado v Townsend Ave. Enters., Ltd. Partnership, 294 AD2d 207, 208 [1st Dept 2002]).
The court properly granted defendants summary judgment dismissing the Labor Law § 240(1) claim. Even accepting as true plaintiff's approximation that he fell at a distance of one and one-half to two feet, which was controverted by other testimony that the distance was approximately 10 inches, under the circumstances here, the distance was not a physically significant height elevation differential to trigger the protection of Labor Law § 240(1) (see Toefer v Long Is. R.R., 4 NY3d 399, 407 [2005]; Sawczyszyn v New York Univ., 158 AD3d 510, 511 [1st Dept 2018]; Lombardo v Park Tower Mgt. Ltd., 76 AD3d 497, 498 [1st Dept 2010]).
Defendants' affirmative defense of comparative fault was properly dismissed, as they did not oppose plaintiff's motion on this issue (see Breslaw v Sassower, 279 AD2d 598 [2d Dept 2001]; see also Kuehne & Nagel v Baiden, 36 NY2d 539, 544 [1975]). In any event, the claim is unavailing, as defendants do not cite to anything in the record to establish that plaintiff may have been at comparative fault in causing his accident. Defendants' contention that plaintiff's attorney's affirmation was insufficient is also unavailing. The attorney's affirmation along with plaintiff's sworn deposition testimony provided sufficient support of plaintiff's motion (see 256 E. 10th St. Assoc. v Consolidated Edison Co. of N.Y.[*2], 282 AD2d 293, 294 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023