| **Angen v De Jesus** |
| --- |
| 2024 NY Slip Op 33441(U) |
| September 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161519/2019 |
| Judge: Richard G. Latin |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. RICHARD G. LATIN** | PART | **46M** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

JAMIE ANGEN,

                                        Plaintiff,

                                 - v -

MYRNA DE JESUS, REINSTEIN/ROSS, LLC,JASON
JACQUES, INC.,CITY OF NEW YORK

                                     Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161519/2019 |
| MOTION DATE | 12/11/2023, 12/11/2023 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 87, 89, 116, 117, 118, 120, 122, 123, 125

were read on this motion to/for               JUDGMENT - SUMMARY         .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 88, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 119, 121, 124, 126

were read on this motion to/for               JUDGMENT - SUMMARY         .

Upon the foregoing documents, it is ordered that defendant Reinstein/Ross' ("Reinstein")
motion and defendant Myrna De Jesus' motion for summary judgment, both to dismiss all claims
and cross-claims against them[1], respectively, are consolidated for deposition and determined as
follows:

This is a negligence action, based on a slip and fall incident. The complaint alleges
as follows: DeJesus is the owner of a multi-use property located at 29 East 73rd Street, New York,
New York, which includes residential and commercial space. Reinstein was a commercial
tenant/lessee which occupied space in the basement of the premises at the time of the incident. On
March 4, 2019, plaintiff Jamie Angen was walking on the sidewalk abutting the premises when

---

[1] Defendants Jason Jacques, Inc. and City of New York are no longer in the case pursuant to the stipulations of discontinuance filed July 5, 2023 and August 23, 2023.

**161519/2019  ANGEN, JAMIE vs. DE JESUS, MYRNA**                                  **Page 1 of 8**
**Motion No.  002 003**

1 of 8

[* 1]

she suddenly slipped and fell on the surface of the sidewalk, resulting in serious injuries. Plaintiff is suing defendants for common law negligence and violation of section 7-120 of the New York City Administrative Code for failure to remove snow and ice on the sidewalk near the premises, resulting in her accident. According to the complaint, defendants are jointly and severally liable for negligent acts and omissions which caused or contributed to plaintiff's damages.

Reinstein moves for summary judgment, dismissing it from this action on the ground that it owed no duty of due care to plaintiff. Reinstein contends that it had no contractual obligation to provide for plaintiff's safety, nor had it any obligations based on the rules underlying the *Espinal v Melville Snow Contractors, Inc.* decision (98 NY2d 136 [2002]). Reinstein also contends that it did not create or cause the condition on the sidewalk or have actual or constructive notice of any such condition. Regarding the administrative code violation, Reinstein argues that the regulation specifically provides a "Four-hour rule," in which a party subject to the regulation has a duty to remove snow and ice from a sidewalk abutting private property within four hours after the cessation of the snowfall. Providing weather documents regarding the particular snowfall on that date, Reinstein claims that plaintiff's accident occurred before the "Four-hour rule" expired, precluding Reistein from liability for failure to remove snow and ice.

Seeking to dismiss DeJesus's cross-claims, Reinstein argues that the lease does not hold it responsible for removing snow and ice because the lease did not apply to tenants that occupy the basement part of the premises. Reinstein also argues that De Jesus had been consistently employing the services of a third party to remove ice and snow, not notifying Reinstein of any obligation to do the removal.

De Jesus moves separately for dismissal via summary judgment. Her main argument against liability is that the "Four-hour rule" applies to her, and that the accident occurred

**161519/2019   ANGEN, JAMIE vs. DE JESUS, MYRNA**
**Motion No.  002 003**

**Page 2 of 8**

2 of 8

before the rule ended. Regarding Reinstein, DeJesus contends that the lease obliged Reinstein to remove the snow and ice abutting the space that it occupied.

In her opposition to the motions, plaintiff takes issue with their arguments as to the "Four-hour rule," contending that it is not clear when the cessation of snow occurred. She considers this matter an issue of fact. She submits affirmations from two individuals who confirm her description of the accident.

Plaintiff contends that during the deposition stage of this case, Reinstein provided a representative who lacked personal knowledge of the accident. Plaintiff requested that Reinstein provide another representative who did have personal knowledge, though to date this individual was not provided for a deposition. Plaintiff contends that Reinstein should not be granted summary judgment because it failed to provide this individual, and discovery is incomplete.

In its reply, Reinstein argues that it cannot be held responsible for failure to provide a deposition witness to plaintiff after plaintiff filed a Note of Issue which expressly stated that all discovery was completed. Reinstein argues that the statements of the two individuals submitted by plaintiff should be disregarded by the court because their descriptions of the sidewalk at the time of the accident contradict plaintiff's description to a major degree.

"It is axiomatic that summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of factual issues" (*Birnbaum v Hyman,* 43 AD3d 374, 375 [1st Dept 2007]). "The substantive law governing a case dictates what facts are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment" (*People v Grasso,* 50 AD3d 535, 545 [1st Dept 2008]). "To prevail on a summary judgment motion, the moving

**161519/2019   ANGEN, JAMIE vs. DE JESUS, MYRNA**
**Motion No.  002 003**

**Page 3 of 8**

3 of 8

[* 3]

party must provide evidentiary proof in admissible form sufficient to warrant the direction of summary judgment in his or her favor" (*Kershaw v Hospital for Special Surgery,* 114 AD3d 75, 81 [1st Dept 2013]). "Once this burden is met, the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*id.* at 82).

In support of their motion, Reinstein submitted, among other things, plaintiff's deposition testimony where she stated that at approximately 8:00 am, she slipped on a "black ice" on the sidewalk in front of the premises. She testified that there was no precipitation at the time of her accident. She also testified that the sidewalk appeared clear and that she saw no snow before she fell.

Reinstein also submitted DeJesus' deposition testimony. DeJesus, who owned the premises, stated that she had a long-term relationship with a neighbor, Donald Benjamin, who regularly removed snow and ice on the sidewalk after snow fell, and allegedly removed snow after the snowfall which occurred before March 4, 2019. She stated that she did not notify Reinstein about the snowfall.

Reinstein submitted Benjamin's deposition testimony. Benjamin clearly testified that contrary to DeJesus' testimony, he did not remove the snow for DeJesus after the subject snowfall. Further, when DeJesus requested an invoice from him for his performance of removing snow on March 4, Benjamin responded that there was no bill to be sent because he did not remove any snow on that date.

Reinstein's representative, Sarah Blair, testified, stating that she was the CEO of Reinstein as of January 1, 2021 and had no personal knowledge of the March 4, 2019 incident. A representative who had knowledge of the event, John Alvarez, was employed by

**161519/2019 ANGEN, JAMIE vs. DE JESUS, MYRNA**
**Motion No. 002 003**

**Page 4 of 8**

4 of 8

[* 4]

Reinstein at that time and was scheduled to be deposed. However, Alvarez was never deposed, according to plaintiff.

Reinstein submitted as expert testimony, an affidavit from Steven Roberts, a certified meteorologist who provided official National Oceanic and Atmospheric Administration (NOAA) records. The records provide that on the day prior to plaintiff's accident, there was consistent snowfall from 4:40 am to midnight with a high temperature of 42 degrees Fahrenheit with a low temperature of 33 degrees Fahrenheit. On March 4, the snowfall continued from midnight through 4:20 am with a high of 38 degrees Fahrenheit to a low of 28 degrees Fahrenheit. The snowfall ended at 4:20 am.

Reinstein cites section 16-123(a) of the Code, which provides:

> "Every owner, lessee, tenant, occupant or other person, having charge of any building or lot of ground in the city, abutting upon any street where the sidewalk is paved, shall, within four hours after the snow ceases to fall, or after the deposit of any dirt or other material upon such sidewalk, remove the snow or ice, dirt or other material from the sidewalk and gutter, the time between nine post meridian and seven ante meridian not being including in the above period of four hours. Such a removal shall be made before the removal of snow or ice from the roadway by the Commissioner or subject to the regulations of such Commissioner… ."

According to Reinstein, in applying this regulation appropriately on the day of plaintiff's accident, the "Four-hour rule" would expire at 11:00 am on March 4, 2019. That is, Reinstein would have until 11:00 am to clear the snow on the sidewalk. Since plaintiff's accident occurred earlier, at 8:00 am, Reinstein thus argues that it is not liable for violating the Code.

Regarding DeJesus, Reinstein asserts that the obligation to remove snow stated in the lease is only applicable to a street level tenant, which Reinstein claims not to be. Reinstein argues that the lease violates section 5-321 of the General Obligations Law (GOL), because it fails to make an exception for DeJesus' liability. Reinstein also argues that DeJesus' reliance on

**161519/2019   ANGEN, JAMIE vs. DE JESUS, MYRNA**
**Motion No.  002 003**

**Page 5 of 8**

5 of 8

[* 5]

Benjamin to regularly remove snow near her premises constituted a "waiver" of Reinstein's contractual obligation to remove the snow.

The Court shall consider Reinstein's obligation under the lease. Paragraph 52 of the Rider to the lease between defendants, dated February 11, 1987, provides that "Tenant is to keep sidewalk free of snow, ice and rubbish, whether or not caused by Tenant and is to indemnify and hold landlord harmless therefore." The lease refers to Reinstein as occupying the "ground floor and basement." Reinstein had an office which was three steps below the street level, but the lease indicates that Reinstein had some possession of the street level.

However, based on the evidence, it is apparent that despite the terms of the lease, DeJesus chose to waive Paragraph 52 of the Rider, due to her relationship with Donald Benjamin. Benjamin testified that as of 2009, he and DeJesus reached an "agreement" that he would be responsible for removing snow on her premises. This has not been disputed by DeJesus. Accordingly, DeJesus' cross-claims against Reinstein are dismissed.

With respect to plaintiff's claims against defendants, her argument against Reinstein over its alleged failure to produce Alvarez as a deposition witness is weakened by her decision to file the Note of Issue on June 7, 2023. The Note of Issue expressly stated that there were no outstanding requests for discovery and that the case is ready for trial. This was prior to plaintiff's effort to depose Alvarez. Plaintiff had an opportunity to vacate the Note of Issue.

The Uniform Rules for Trial Courts provides two ways to vacate a Note of Issue after it is filed: (1) where unusual or unanticipated circumstances develop after filing (not appropriate here), or (2) within 20 days after service of the Note of Issue (*see* section 22 NYCRR 202.21 [d] and [ e ]). At this juncture, the 20-day period has lapsed and plaintiff cannot depose Alvarez.

Both defendants use the "Four-hour rule" as a defense against liability. In her opposition,

**161519/2019  ANGEN, JAMIE vs. DE JESUS, MYRNA**
**Motion No.  002 003**

**Page 6 of 8**

plaintiff contends that there is an issue of fact as to the condition of the sidewalk. She submits an affidavit from Dr. Joshua Zimm, who was an eyewitness to the incident and assisted plaintiff after her fall. He described the condition of the sidewalk as slush frozen over and other areas of "level and unlevel ice." He saw no snow but thick layers of ice.

Plaintiff submits an expert affidavit to challenge Roberts' affidavit. Thomas Downs, a certified meteorologist, reviews the other evidence, and asserted a possible theory. He opined that there was previous snowfall, during March 1 and 2, 2019, which led to accumulated snow and ice on the subject sidewalk. There is evidence that the snow was never removed. Then the subsequent snowfall, ending on March 4, 2019 occurred. That snow was not removed, as Benjamin testified. Downs ultimately concludes that ice from the earlier snowfall had melted and then refroze during the later snowfall, becoming the ice that caused plaintiff's accident. Plaintiff averred that defendants could be liable for failing to remove the previous snow which led to the refrozen ice, and summary judgment should be denied.

In reply, Reinstein argues that Downs' theory is too speculative to raise an issue of fact. Citing *Rand v Cornell Univ.*, Reinstein contends that Downs cannot actually prove that the elements as alleged led to the condition described by plaintiff (91 AD3d 542 [1st Dept 2012]).

In *Rand*, a slip and fall case, the court reviewed the report from a meteorologist who concluded that a hazardous icy condition preexisted a storm and was created by the melting and refreezing of snow that had accumulated from a snowfall occurring several days before plaintiff's accident. The court rejected the report as speculative, specifically the claim that the icy condition was undisturbed or untreated before the accident. There was sufficient evidence that the affected area had been regularly shoveled and that snow was regularly removed.

**161519/2019  ANGEN, JAMIE vs. DE JESUS, MYRNA**
**Motion No.  002 003**

**Page 7 of 8**

In this case, there is evidence that the snow and ice on the subject sidewalk had not been removed from March 1 to March 4, 2019. Downs' affidavit provides information that is missing from Roberts' affidavit and thus, raises an issue of fact, precluding summary judgment.

Due to her control/ownership, the landlord who holds property open to the public is under a legal duty to exercise reasonable care under the circumstances (*see Kush by Marszalek v City of Buffalo,* 59 NY2d 26 [1983]). Pursuant to section 7-210 of the Code, a landlord has a non-delegable duty to maintain a safe premises, including sidewalk area abutting the property. Section 16-123(a) of the Code imposes a similar duty on both landlords and tenants. Failure to remove snow and ice is a violation of the Code. There remains an issue of fact as to whether defendants violated the Code due to inaction.

Accordingly, it is

ORDERED that defendant Reinstein/Ross, LLC's motion for summary judgment (Motion Sequence No. 002) is granted solely to the extent that cross-claims from defendant Myrna DeJesus are dismissed; and it is further

ORDERED that defendant Myrna DeJesus' motion for summary judgment (Motion Sequence No. 003) is denied in its entirety.

This constitutes the decision and order of the Court.

| 9/27/2024 | | | | RICHARD G. LATIN, J.S.C. | |
|-----------|---|---|---|---|---|
| **DATE** | | | | | |

**CHECK ONE:** ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION
☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER
**APPLICATION:** ☐ SETTLE ORDER ☐ SUBMIT ORDER
**CHECK IF APPROPRIATE:** ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**161519/2019   ANGEN, JAMIE vs. DE JESUS, MYRNA**
**Motion No.  002 003**

**Page 8 of 8**

8 of 8

[* 8]