■ John H. Prince, Jr., Appellant, v New York City Housing Authority, Respondent. [756 NYS2d 158] —Order, Supreme Court, New York County (Michael Stallman, J.), entered January 11, 2002, which, in an action for personal injuries sustained when plaintiff slipped and fell on an icy walkway in a housing complex owned by defendant Housing Authority, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established that it owed plaintiff no duty to remove the ice on its walkways where the meteorological evidence established that "trace" precipitation in the form of freezing rain and ice pellets, accompanied by heavy fog and widespread glaze, began falling in the region at 5:00 A.M., two hours before plaintiff's fall, did not end until 11:00 A.M., caused numerous bridge and roadway closures, public transit interruptions, accidents and injuries, and was preceded by a month of predominantly above-freezing temperatures that had no snow or ice (see Candelier v City of New York, 129 AD2d 145, 150, citing Administrative Code of City of NY § 16-123 [building owners have four hours after snowfall stops to remove snow and ice from abutting sidewalks]; Valentine v City of New York, 86 AD2d 381, affd 57 NY2d 932 [City has reasonable time after snowfall stops to remove snow and ice from sidewalks]). There is no merit to plaintiff's argument that the meteorologi-

cal evidence, construed most favorably, raises issues of fact as to whether such "trace" precipitation constituted a storm in progress, and, if so, whether a break in the storm gave defendant a reasonable period of time to clear the ice before he fell. Nor is there merit to plaintiff's other argument that, based on the weather forecast for the day before the accident, defendant should have declared a snow emergency under its own protocols and procedures, and, if it had, its personnel would have been required to report for work at 6:00 A.M. instead of 8:00, giving defendant notice of the ice on its walkways an hour before plaintiff fell. Liability for negligence cannot be based on the violation of an internal rule imposing a higher standard of care than the law, at least where there is no showing of detrimental reliance by the plaintiff on the rule (*see Clarke v New York City Tr. Auth.*, 174 AD2d 268, 275-276). Moreover, the forecast of the previous day did not predict anything like the ice emergency that actually occurred, and plaintiff's reliance thereon is not justifiable. Concur—Saxe, J.P., Buckley, Rosenberger and Gonzalez, JJ.