■ OLGA SANCHEZ, Respondent, v CITY OF NEW YORK et al., Defendants, and SOUTH BRONX COMMUNITY MANAGEMENT COMPANY, INC., Appellant. [851 NYS2d 190]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered May 23, 2007, which, upon reargument, adhered to a prior order denying the motion by defendant South Bronx Community Management (SBCM) for summary judgment, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered August 9, 2006, unanimously dismissed, without costs, as superseded by appeal from the subsequent order on reargument.

Plaintiff's deposition testimony and statements in her oppos-

ing affidavit were not contradictory, and any inconsistency as to her description of the ice/snow patch in the shoveled pathway on the sidewalk abutting SBCM's premises would be for the jury to resolve (*Alvarez v New York City Hous. Auth.*, 295 AD2d 225, 226 [2002]). SBCM's superintendent testified that his regular practice was to clear ice and snow from the entire sidewalk area abutting the premises, while plaintiff testified that she fell on a dirty ice patch located within a narrow shoveled pathway, that there were other ice patches in the pathway, and that a safe alternative route to get around the hazard she slipped on did not exist. This raised triable issues of fact as to whether SBCM had been negligent in making the sidewalk area more hazardous by shoveling the pathway (*see Rugova v 2199 Holland Ave. Apt. Corp.*, 272 AD2d 261 [2000]; *cf. Sanders v City of New York*, 17 AD3d 169 [2005]). The differing opinions offered by the parties' meteorological experts as to whether, inter alia, it was cold enough, during the nearly 12-hour period after the four-inch snowfall stopped, for a patch of snow/ice to remain on the shoveled pathway until the accident, raise issues of fact (*see generally Vega v S.S.A. Props., Inc.*, 13 AD3d 298, 302 [2004]).

We have considered SBCM's remaining arguments and find them without merit. Concur—Lippman, P.J., Tom, Buckley and Gonzalez, JJ.