■ LILLIE MOSLEY, Appellant, v GENERAL CHAUNCEY M. HOOPER TOWERS HOUSING DEVELOPMENT FUND COMPANY, INC., Respondent. [851 NYS2d 563]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 9, 2007, which, in an action for personal

injuries allegedly caused by a dangerous ice and snow condition on the sidewalk in front of defendant's premises, granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff's deposition testimony that it was snowing when she fell at around 9:00 A.M., that it had been snowing the entire night before, that the entire sidewalk was white with snow, and that she slipped on snow, not ice, satisfied defendant's initial burden of showing that plaintiff fell because of a dangerous snow condition created by a storm in progress (see Administrative Code of City of NY § 16-123 [a]). In opposition, plaintiff submitted an affidavit stating that she slipped on ice as well as snow and that while there were snow flurries the morning of her accident, there was no accumulation; photographs of a sidewalk with patches of ice, identified by plaintiff at her deposition as fairly and accurately depicting the area of sidewalk where she fell; and climatological data showing that on the day before plaintiff's fall, New York City had .92 inches of "rain" and "drizzle" between 1:00 P.M. and 7:00 P.M., and that there was no precipitation on the day of plaintiff's fall. An issue of fact exists as to whether, inter alia, plaintiff was mistaken when she testified at deposition that it was snowing when she fell (see Howard v J.A.J. Realty Enters., 283 AD2d 854, 855-856 [2001] [summary judgment in defendant's favor precluded by conflict between plaintiff's deposition testimony that it was snowing and affidavit of meteorological expert that it was not]; cf. Powell v MLG Hillside Assoc., 290 AD2d 345, 345 [2002] [evidence of storm in progress especially persuasive when based on analysis of licensed meteorologist]). Concur—Mazzarelli, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ.