Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about March 10, 2008, which, insofar as appealed from, in an action for personal injuries allegedly sustained as a result of a slip and fall on snow and ice, denied the motion of defendant Bronx 99 Cents LLC for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
The evidence, including, inter alia, conflicting testimony from the owner of Bronx 99 Cents and the landlord, defendant West 170th Realty, Inc., presents triable issues of fact as to whether, pursuant to its lease, Bronx 99 Cents was responsible for removing the snow and ice on the portion of the sidewalk where plaintiff slipped and fell. Furthermore, although the owner of Bronx 99 Cents could not recall the snow removal efforts taken by his employees on the date of the accident, his testimony as to his general snow removal practice, as well as plaintiff’s testimony that he fell when he slipped on a patch of ice underneath the gray, slushy snow located within a shoveled pathway, and that a safe alternative route to get around the hazard he slipped on did not exist as the shoveled path abruptly ended, was sufficient to raise triable issues as to whether Bronx 99 Cents created or exacerbated a dangerous condition (see Sanchez v City of New York, 48 AD3d 275 [2008]; Prenderville v International Serv. Sys., Inc., 10 AD3d 334, 337-338 [2004]). Finally, even assuming that the court improperly considered an unsworn report from plaintiffs expert (see e.g. Charlton v Almaraz, 278 AD2d 145 [2000]), it is clear that the court did not base its ruling exclusively on the report. Rather, it is evident that the court considered the documentary and deposition evidence in arriving at its determination. Concur — Tom, J.E, Mazzarelli, Saxe, Nardelli and Buckley, JJ.