■ MICHAEL G. PIPERO, JR., Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [894 NYS2d 39]—

Defendant made a prima facie showing that plaintiff fell during a storm in progress by submitting certified weather records showing that snow began the day before plaintiff's accident and, while the intensity decreased, continued through the end of the day of plaintiff's fall (see Pippo v City of New York, 43 AD3d 303, 304 [2007]; Powell v MLG Hillside Assoc., 290 AD2d 345 [2002]).

In opposition, plaintiff raised a triable issue of fact as to whether a storm was in progress at the time of the accident based on his deposition testimony that it had not snowed on the day of his accident and that the snow had existed since the previous day (see Mosley v General Chauncey M. Hooper Towers Hous. Dev. Fund Co., Inc., 48 AD3d 379, 380 [2008]). Plaintiff also raised a triable issue of fact as to whether the weather reports clearly indicate that the accident occurred while the storm was still in progress or whether there was a significant lull in the storm (see Powell, 290 AD2d at 346; compare Ioele v Wal-Mart Stores, 290 AD2d 614, 616 [2002]).

Furthermore, even if a storm was in progress at the time of the incident, plaintiff's testimony and defendant's own records raise issues of fact as to whether defendant gratuitously and negligently performed snow and ice removal operations and as to whether its failure to place sand or salt on the stairs created or exacerbated a dangerous condition (see Sanchez v City of New York, 48 AD3d 275 [2008]; Prenderville v International Serv. Sys., Inc., 10 AD3d 334, 337-338 [2004]). Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Abdus-Salaam, JJ.