Defendant established its entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when she slipped and fell on snow and ice as she descended the stairs after exiting the subway. Defendant submitted evidence, including testimony of its employees and certified climatological data, showing that a snowstorm was in progress at the time of plaintiffs fall. The duty of a landowner to take reasonable measures to remedy a dangerous condition caused *584 by a storm is suspended while the storm is in progress, and does not commence until a reasonable time after the storm has ended (see Solazzo v New York City Tr. Auth., 21 AD3d 735 [1st Dept 2005], affd 6 NY3d 734 [2005]).
Plaintiff’s opposition failed to raise a triable issue of fact. Plaintiff asserts that there is a question concerning whether the storm was in progress at the time she slipped, based on her testimony and affidavit that it was not snowing when she exited the station. However, she failed to provide evidence of when the snow stopped falling, and thus, failed to demonstrate that a reasonable time elapsed from the cessation of the storm sufficient to impose a duty on defendant to remedy the condition. Nor did plaintiff provide evidence that defendant’s snow removal efforts, if any, were negligently performed (compare Pipero v New York City Tr. Auth., 69 AD3d 493 [1st Dept 2010]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur — Friedman, J.E, Moskowitz, Freedman, Richter and Abdus-Salaam, JJ.