■ Lilia Ortiz, Respondent, v New York City Housing Authority, Appellant. [991 NYS2d 884]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered June 14, 2013, denying defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action for personal injuries allegedly suffered by plaintiff when she tripped and fell on the sidewalk adjacent to defendant's residential building, the trial court properly denied defendant's motion. The climatological records establish that it snowed two days prior to plaintiff's accident, the temperature fluctuated within a few degrees above and below the freezing point during the interim period, and there was sixteen inches of accumulated snow and ice on the ground from prior recent storms. Defendant's grounds supervisor attested that the sidewalk had been plowed on the day of the last storm, and that he had last noted icy conditions at 8:00 a.m. the day before the

accident. Plaintiff testified, however, that the sidewalk was not cleared of snow and ice, rather, only a relatively narrow path had been partially cleared and large mounds of snow abutted the path on either side. She further testified that the path was dirty and wet due to runoff from the mounds of snow and that while walking in the pathway, she slipped on a hard, gray, dirty patch of ice that had accumulated in a defect in the sidewalk.

Accepting plaintiff's account for the purposes of this motion (*see Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 493 [1st Dept 2012]), the evidence raises issues of fact as to whether defendant's procedures either created or exacerbated the icy condition that allegedly caused the accident and whether the condition was present for a sufficient period of time within which it could have been discovered and remedied (*see Rodriguez v Bronx Zoo Rest., Inc.*, 110 AD3d 412 [1st Dept 2013]; *Sanchez v City of New York*, 48 AD3d 275, 276 [1st Dept 2008]). Concur—Friedman, J.P., Acosta, Saxe, Feinman and Gische, JJ.