■ JEANNE McLEOD, Respondent, v NDI WEBSTER/CLAY HOUSING DEVELOPMENT FUND CORPORATION et al., Appellants. [6 NYS3d 1]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered March 14, 2014, which granted plaintiff's motion to expand the record to include an affidavit by a nonparty witness, and denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Contrary to defendants' contention, the discrepancy between plaintiff's testimony that there was an inch of snow on the stoop on which she slipped and fell and the nonparty witness's statement that there may have been as much as a foot of snow on the stoop does not warrant denial of plaintiff's motion to expand the record to include the affidavit (*see Branham v Loews Orpheum Cinemas, Inc.*, 31 AD3d 319, 324 [1st Dept 2006], *affd* 8 NY3d 931 [2007]). Since only trace amounts of

snow fell the night before plaintiff's accident, plaintiff's testimony that there was an inch of snow on the stoop when she exited the building in the morning raises an inference that, whatever snow removal defendants' superintendent and porter performed the day before, the snow had not been fully cleared. Thus, even without the witness's affidavit, issues of fact exist whether the snow or ice on which plaintiff slipped resulted from the trace amounts that had fallen overnight or remained from the previous day's snowfall, and thus whether defendants had a reasonable amount of time to clear it (*see Pipero v New York City Tr. Auth.*, 69 AD3d 493 [1st Dept 2010]).

As to the handrail missing from the stairs, defendant failed to establish prima facie that the New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) is not applicable to the subject building (*see Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 140 [1st Dept 2000]). Moreover, an issue of fact exists whether the absence of a handrail was a proximate cause of plaintiff's accident. Concur—Tom, J.P., Saxe, Manzanet-Daniels, Gische and Clark, JJ.