■ David Levene, Respondent, v No. 2 West 67th Street, Inc., et al., Appellants. [6 NYS3d 232]—

Order, Supreme Court, New York County (Debra A. James, J.), entered July 28, 2014, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendants established their entitlement to judgment as a matter of law by submitting certified weather records and a meteorologist's affidavit showing that a winter storm was in progress at the time that plaintiff slipped and fell on ice covering the sidewalk in front of defendants' building (*see Weinberger v 52 Duane Assoc., LLC*, 102 AD3d 618 [1st Dept 2013]). Plaintiff himself testified that it was sleeting at the time he fell at approximately 8 a.m., and defendants' porter stated that it had hailed through the night and a "slow rain" was falling at the time of the accident.

In opposition, plaintiff failed to raise a triable issue of fact. He submitted an affidavit of an expert meteorologist who did not dispute that freezing rain was ongoing at the time plaintiff fell, but concluded that defendants should have cleared and treated the sidewalk during the previous afternoon, when it was only drizzling. However, defendants' porter was not required to clear the public sidewalk of snow or ice during freezing precipitation (*see Solazzo v New York City Tr. Auth.*, 21 AD3d 735, 735-736 [1st Dept 2005], *affd* 6 NY3d 734 [2005]; *Prince v New York City Hous. Auth.*, 302 AD2d 285 [1st Dept 2003]), although he was attempting to do so at the time of the accident (*see Rodriguez v New York City Hous. Auth.*, 52 AD3d 299 [1st Dept 2008]). Furthermore, plaintiff's expert did not opine that in the 30 hours preceding the accident there was ever a four-hour lull in the storm that would give rise to defendants' duty to have cleared snow and ice from the public sidewalk (*see* Administrative Code of City of NY § 16-123). Plaintiff's testimony also provided no support for the theory that the ice was old or preexisting, as he did not recall any unusual snow or ice conditions on the sidewalk when he walked there the previous night (*compare Perez v New York City Hous. Auth.*, 114 AD3d 586, 586 [1st Dept 2014] [issue of fact as to whether snow and ice that was a "little bit black" was present for a sufficient amount of time to provide constructive notice]). Concur—Sweeny, J.P., Renwick, Saxe, Manzanet-Daniels and Gische, JJ.