(March 21, 2017)

■ Gabor Baumann et al., Respondents, v Dawn Liquors, Inc., Doing Business as Diplomat Wines and Spirits, Defendant, and The Sterling Plaza Condominium, Appellant. [49 NYS3d 668]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 10, 2016, which, insofar as appealed from as limited by the briefs, denied the motion of defendant the Sterling Plaza Condominium (Sterling) for summary judgment

dismissing the complaint as against it, unanimously affirmed, without costs.

On this appeal, we are asked to determine whether Supreme Court properly denied Sterling's summary judgment motion on the ground that plaintiffs raised a triable issue of fact as to whether Sterling created or exacerbated the sidewalk condition that caused plaintiff Gabor Baumann to slip and fall. We conclude that summary judgment was properly denied on that ground.

Plaintiff Gabor Baumann alleges that on January 21, 2014, at approximately 6:45 p.m., while a snowstorm was occurring, he slipped and fell on a patch of ice, fracturing his hip, while walking on a sidewalk in front of a store leased by defendant Dawn Liquors, Inc. in a building owned by Sterling. He testified that after he fell, he saw that the portion of the sidewalk where he had fallen was covered by a transparent sheet of ice measuring a few feet in diameter. His wife, plaintiff Tina Baumann, testified that she arrived at the accident scene shortly after her husband's fall and observed that the sidewalk area in front of the Dawn Liquors store was quite icy and very slippery, that the sheet of ice was about two inches thick and that the area in question was not cleared completely. She further testified that she did not recall seeing snow on top of the patch of ice.

Sterling's general manager testified that on occasions prior to the day of the accident he had observed Sterling employees using a snowblower to clear a path along the sidewalk in front of the building and a rotary salt spreader to de-ice the path. He did not remember if any Sterling employees had cleared snow in front of the Dawn Liquors store on the day in question, however.

Dawn Liquors' general manager testified that sometime after he arrived at work at approximately 2:00 p.m. on the day of the accident, he saw Sterling employees removing snow with a snowblower but could not say whether they used de-icing material.

Each of the defendants submitted the expert affidavit of a meteorologist. The meteorologist's affidavit submitted by Dawn Liquors stated that on the day of the accident, air temperatures in New York City were well below freezing and had continued to fall from the time the snowstorm started until the time of the accident. Similarly, Sterling's meteorological expert agreed that the air temperatures were below freezing throughout the day of the accident, and well below freezing at the time of the accident.

Under the storm in progress doctrine, a landowner's duty to take reasonable measures to remedy a dangerous condition caused by a storm is suspended while the storm is ongoing until a reasonable time after the storm has ended (*Weinberger v 52 Duane Assoc., LLC*, 102 AD3d 618, 619 [1st Dept 2013]; *Pippo v City of New York*, 43 AD3d 303, 304 [1st Dept 2007]). Upon a defendant's showing that the doctrine applies, the plaintiff may defeat summary judgment by raising a triable issue of fact as to whether the landowner had undertaken snow removal activities that created or exacerbated a hazardous condition (*see Pipero v New York City Tr. Auth.*, 69 AD3d 493 [1st Dept 2010]).

Here, as plaintiffs concede, there was a storm in progress at the time of the accident. Thus, the burden shifted to plaintiffs to demonstrate the existence of a triable issue of fact as to whether Sterling created or exacerbated the hazardous condition through its snow removal activities. Plaintiffs have met that burden, as they have both testified that they saw an ice patch at the scene of the accident. Dawn Liquors' general manager testified that he observed Sterling employees using a snowblower on that day prior to plaintiff Gabor Baumann's accident, but he could not say whether they used de-icing material when removing the snow. The evidence from defendants' meteorologists was that air temperatures in the vicinity of the accident remained well below freezing and continued to drop from the commencement of the snowstorm to the time of the accident. This evidence supports plaintiffs' argument that ice could not have formed after the snow clearing efforts by Sterling's employees. Accordingly, an issue of fact was raised as to whether Sterling's actions created or exacerbated a hazardous condition by employing a snowblower to remove snow without taking further steps to de-ice the sidewalk (*see Pipero*, 69 AD3d 493).

Neither the shared expert opinion of the defendants' meteorologists that there was no ice naturally present on the sidewalk on the day of the accident nor the testimony of Dawn Liquors' general manager that he did not recall observing any ice and had no difficulty traversing the sidewalk after Sterling's snow removal work and before plaintiff Gabor Baumann's fall is dispositive of the motion. Concur—Richter, J.P., Manzanet-Daniels, Gische, Webber and Kahn, JJ. ■