Order, Supreme Court, New York County (Debra A. James, J.), entered January 13, 2017, which denied defendants’ motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
 

 Defendants established their prima facie entitlement to judgment as a matter of law by submitting climatological records and a meteorologist’s affidavit showing that there was a winter storm in progress at the time that plaintiff slipped and fell on ice on the sidewalk in front of defendants’ building (see Levene v No. 2 W. 67th St, Inc., 126 AD3d 541, 542 [1st Dept 2015]).
 

 In opposition, plaintiff failed to raise a triable issue of fact. Although plaintiff testified that there was no precipitation at the time of his fall, even if there was a lull in the storm around the time of plaintiff’s fall, this does not establish that defendants had a reasonable time to correct the ice-related conditions (see Krutz v Betz Funeral Home, 236 AD2d 704, 705 [3d Dept 1997], lv denied 90 NY2d 803 [1997]). Plaintiff’s testimony that he did not notice anything on the sidewalk, that he did not know how long the ice had been on the sidewalk, and that he saw the ice for the first time when he fell was insufficient to raise an issue of fact (see Santiago v New York City Hous. Auth., 150 AD3d 545, 546 [1st Dept 2017]).
 

 The facts in this case are distinguishable from those in Pipero v New York City Tr. Auth. (69 AD3d 493 [1st Dept 2010]), upon which the trial court relied. Here, defendants’ expert’s very-detailed testimony demonstrated that there was no significant lull in the freezing rain falling that morning during the relevant half hour period. Moreover, there was no showing that the staff of plaintiff’s building negligently performed snow and ice removal.
 

 We have examined plaintiff’s remaining arguments and find them unavailing.
 

 Concur — Friedman, J.P., Gische, Kapnick, Kahn and Moulton, JJ.