Adario-Caine v 69th Tenants Corp. (2018 NY Slip Op 06180)





Adario-Caine v 69th Tenants Corp.


2018 NY Slip Op 06180


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Acosta, P.J., Sweeny, Manzanet-Daniels, Gesmer, Singh, JJ.


7128 107685/11

[*1]Elise Adario-Caine, Plaintiff-Appellant,
v
69th Tenants Corp., et al., Defendants-Respondents.


Beth J. Schlossman, Brooklyn (Steven I. Roth of counsel), for appellant.
Molod, Spitz & DeSantis, P.C., New York (Marcy Sonneborn of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered April 28, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleged that she fell outside of her apartment building due to a sidewalk crack filled with dirty ice. Defendants argue that they are entitled to summary judgment because the sidewalk crack was too trivial to be actionable and there was a storm in progress at the time of the accident.
While defendants demonstrated that the sidewalk crack alone would have been too trivial to be actionable, they failed to show that the alleged ice did not magnify the dangers the crack posed so as to unreasonably imperil the safety of a pedestrian (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 78 [2015]).
Moreover, the parties sharply dispute whether there was an accumulation of old ice in the area of the accident. Defendants presented testimony from their superintendent that he did not see anything out of the ordinary regarding the condition of the sidewalk, and testimony from an expert meteorologist that the ground was bare of snow and that ice could not have formed naturally from the meteorological conditions. In addition, defendants submitted photographs, however they do not clearly show whether or not there was ice in the sidewalk crack. In contrast, plaintiff testified that there was "dirty" ice on the sidewalk which caused her to fall, and submitted public meteorological records showing that there had been a significant snowfall 12 days before and intermittent freezing temperatures since that date. In light of this factual dispute, summary judgment is inappropriate.
Furthermore, defendants failed to make a prima facie showing that they did not have constructive notice of the allegedly dangerous condition. Defendants' superintendent testified that building porters inspected the sidewalk each morning, but failed to provide any specific testimony regarding the inspection on the accident date. Defendants' superintendent also could not recall whether there was ice on the ground, even though he examined the area after the incident. Plaintiff's testimony about "dirty" ice creates a triable issue of fact because it indicates that the icy condition had existed for some time (see Jones v New York City Hous. Auth., 157 AD3d 426, 426 [1st Dept 2018]; Wright v Emigrant Sav. Bank, 112 AD3d 401, 401-402 [1st Dept 2013]). The storm in progress doctrine has no application to this case because plaintiff does not allege that the storm on the accident date caused the dangerous condition (see Baumann v Dawn Liqs., Inc., 148 AD3d 535, 537 [1st Dept 2017]; Weinberger v 52 Duane Assoc. LLC, 102 AD3d 618, 619 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK