Lugo v City of New York (2019 NY Slip Op 02432)





Lugo v City of New York


2019 NY Slip Op 02432


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8834 153109/15

[*1]Elsa Lugo, Plaintiff-Respondent,
v
The City of New York, Defendant, New York City Housing Authority, Defendant-Appellant.


Herzfeld & Rubin, P.C., New York (Linda M. Brown of counsel), for appellant.
Law Office of Ryan S. Goldstein, P.L.L.C., Bronx (Ryan S. Goldstein of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered August 20, 2018, which denied the motion of defendant New York City Housing Authority for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant established prima facie entitlement to summary judgment in this action where plaintiff was injured when she slipped and fell on ice on the sidewalk in front of defendant's building. Defendant submitted evidence showing that there was a storm in progress when the accident happened, including a meteorological expert's affidavit and report stating that there was an ongoing storm when plaintiff fell between 9:30 a.m. and 10:00 a.m., plaintiff's deposition testimony that there was a heavy, frozen rain that was sticking to the surface of the sidewalk and making it slippery when she fell, and her acknowledgment that the ice that caused the accident could have resulted from the storm (see Levene v No. 2 W. 67th St., Inc., 126 AD3d 541 [1st Dept 2015]).
In opposition, plaintiff raised a triable issue of fact as to when the storm began at the accident location. The caretaker responsible for the sidewalk testified that the storm that occurred on the day of the accident did not start depositing precipitation until 10:00 a.m., which conflicted with the certified weather reports that the storm began between 9:00 and 10:00 a.m. (see Salamone v Midland Ave. Owners Corp., 66 AD3d 422 [1st Dept 2009]). Plaintiff also showed that there was an issue of fact as to whether defendant had notice of the alleged icy condition on its sidewalk that pre-existed the storm because the caretaker testified that there were icy conditions in her area, which was why she was called into work an hour earlier on the day of the accident, while plaintiff testified that the ice on which she fell was not treated with salt or [*2]sand and did not form during the storm (see Rivas v New York City Hous. Auth., 261 AD2d 148 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK