De Jesus v Roban Corp. (2020 NY Slip Op 02978)





De Jesus v Roban Corp.


2020 NY Slip Op 02978


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


11547 304219/14

[*1] Carmen M. De Jesus, Plaintiff-Appellant,
v
Roban Corp., et al., Defendants-Respondents.


Elefterakis, Elefterakis & Panek, New York (Oliver R. Tobias of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown (John M. Denby of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about March 20, 2019, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established prima facie entitlement to judgment as a matter of law, in this action where plaintiff alleges that she was injured when she slipped and fell on snow-covered ice on a sidewalk abutting property owned by defendant Roban Corp. and leased to defendant A & B Department Store Inc. Defendants submitted certified weather records and a meteorologist's affidavit showing that a winter storm was in progress at the time that plaintiff slipped and fell thereby suspending their duty to take reasonable measures to remedy dangerous conditions caused by the storm (see Moreno v Trustees of Columbia Univ. in the City of N.Y., 161 AD3d 501 [1st Dept 2018]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's expert did not dispute that there was an ongoing storm at the time of plaintiff's fall (see Levene v No. 2 W. 67th St., Inc., 126 AD3d 541, 542 [1st Dept 2015]), and plaintiff provided no evidence to support her theory that the ice she slipped on was old or preexisting (see id.). The opinion of plaintiff's expert that there was a residue of snow or ice from prior days was speculative and fails to raise an issue of fact (see Dowden v Long Is. R.R., 305 AD2d 631, 632 [2d Dept 2003]). Furthermore, plaintiff's argument that defendants' efforts to remove the snow or ice on the date of the accident created or exacerbated the hazardous condition, is raised for the first time on appeal. In any event, plaintiff offers nothing other than speculation as to how defendants created or exacerbated the dangerous condition (see Wexler v Ogden Cap Props., Inc., 154 AD3d 640, 641 [1st Dept 2017], lv denied 31 NY3d 909 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK