Ayala v City of New York (2021 NY Slip Op 05282)





Ayala v City of New York


2021 NY Slip Op 05282


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Webber, J.P., Singh, Scarpulla, Mendez, Rodriguez, JJ. 


Index No. 23814/17E Appeal No. 14293 Case No. 2021-00129 

[*1]Sophia Ayala, Plaintiff-Respondent,
v
The City of New York, Defendant-Appellant, CP Associates LLC, et al., Defendants.


Georgia M. Pestana, Corporation Counsel, New York (Benjamin H. Pollak of counsel), for appellant.
Burns & Harris, New York (Daniel T. Wright of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered December 2, 2020, which denied the branch of defendant City of New York's motion for summary judgment dismissing the complaint on the ground that there was a storm in progress at the time of plaintiff's slip and fall, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Defendant established its prima facie entitlement to judgment as a matter of law in this action for personal injuries sustained when plaintiff slipped and fell on snow or ice on the sidewalk abutting its premises. Defendant submitted certified climatological records showing that there was a winter storm in progress at the time of plaintiff's fall thereby suspending its duty to take reasonable measures to remedy dangerous conditions caused by the storm (see De Jesus v Roban Corp., 183 AD3d 497, 498 [1st Dept 2020]; Rosario v New York City Hous. Auth., 173 AD3d 594, 595 [1st Dept 2019]).
In opposition, plaintiff failed to raise an issue of fact. The printouts that she submitted from a weather reporting website were not certified, are therefore inadmissible, and cannot be considered (see Morabito v 11 Park Place LLC, 107 AD3d 472, 472 [1st Dept 2013]). Plaintiff also failed to provide any evidence to support her speculative theory that the ice she slipped on was old or preexisting (see Sow v Fedcap Rehabilitative Servs., Inc., 160 AD3d 604, 604 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021