Lewis v 311 Realty, LLC (2022 NY Slip Op 00505)





Lewis v 311 Realty, LLC


2022 NY Slip Op 00505


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 21816/17E Appeal No. 15155 Case No. 2021-02849 

[*1]Bernie Lewis, Plaintiff-Respondent,
v
311 Realty, LLC, Defendant-Appellant.


Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for appellant.
Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York (Christopher J. DelliCarpini of counsel), for respondent.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered December 22, 2020, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant established prima facie that it was not negligent in connection with plaintiff's slip and fall on the exterior landing in front of its building by submitting climatological records and a meteorologist's affidavit showing that there was a winter storm in progress at the time of plaintiff's accident. Under the storm in progress doctrine, a landowner's duty to take reasonable measures to remedy a dangerous condition caused by a storm is suspended while the storm is ongoing until a reasonable time after the storm has ended (Weinberger v 52 Duane Assoc. LLC, 102 AD3d 618, 619 [1st Dept 2013]; Pippo v City of New York, 43 AD3d 303, 304 [1st Dept 2007]). Upon a defendant's showing that the doctrine applies, the plaintiff may defeat summary judgment by raising a triable issue of fact as to whether the landowner had undertaken snow removal activities that created or exacerbated a hazardous condition (Baumann v Dawn Liqs., Inc., 148 AD3d 535, 537 [1st Dept 2017]).
Here, as plaintiff concedes, there was a storm in progress at the time of the accident. Thus, the burden shifted to plaintiff to demonstrate the existence of a triable issue of fact as to whether defendant created or exacerbated the hazardous condition, on the exterior landing in front of its building, through its snow removal activities (id.). Plaintiff has not met that burden. In fact, plaintiff does not allege that defendant gratuitously and negligently performed snow and ice removal operations or that its
failure to place sand or salt on the exterior landing in front of its building created or
exacerbated a dangerous condition (see Pipero v New York City Tr. Auth., 69 AD3d 493 [1st Dept 2010]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022