Escobar v New York City Tr. Auth. (2023 NY Slip Op 05311)

Escobar v New York City Tr. Auth.

2023 NY Slip Op 05311

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Kapnick, J.P., Singh, Friedman, González, Shulman, JJ. 

Index No. 153360/17 Appeal No. 842 Case No. 2023-01709 

[*1]Adriana Escobar, Plaintiff-Appellant,
v
New York City Transit Authority, Defendant-Respondent. _ [And a Third-Party Action]

Robert G. Goodman, PC, New York (Robert G. Goodman of counsel), for appellant.
Anna J. Erovolina, MTA Law Dept, Brooklyn (Yolanda L. Ayala of counsel), for respondent.

Order, Supreme Court, New York County (Denise M. Dominquez, J.), entered April 4, 2023, which granted defendant's motion for summary judgment, unanimously affirmed, without costs.
The court properly granted defendant's motion based on the "storm in progress doctrine" (see Clement v New York City Tr. Auth., 122 AD3d 448, 448 [1st Dept 2014]; see also Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005]; Hussein v New York City Tr. Auth., 266 AD2d 146, 146 [1st Dept 1999]). Defendant met its prima facie burden by submitting climatological records showing that more than five inches of snow accumulated on the date of the accident, and plaintiff's testimony that it had been snowing throughout the day and that it was "flurrying" only a half hour before her accident (see e.g. Lewis v 311 Realty, LLC, 201 AD3d 591, 591 [1st Dept 2022]).
Plaintiff fails to raise a triable issue of fact, as her expert's opinion that the wet condition was caused by a leak in the walls is speculative and unsupported by the photographs he submitted with his affidavit (see Deutsch v City of New York, 69 AD3d 523 [1st Dept 2010]). In any event, he fails to explain how a leaking condition behind the walls could cause water to pool on the staircase (see e.g. Rivas v New York City Hous. Auth., 140 AD3d 580 [1st Dept 2016]). Moreover, her reference to service maintenance records showing leaks in other areas of the station are insufficient to establish constructive notice of the leak that allegedly caused her accident (see Ellisy v Eklecco, LLC, 56 AD3d 517 [2d Dept 2008]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023