Navarro v University Ave., L.P. (2023 NY Slip Op 05543)

Navarro v University Ave., L.P.

2023 NY Slip Op 05543

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Oing, J.P., Moulton, González, Shulman, Rosado, JJ. 

Index No. Index No. 20877/13 Appeal No. 964 Case No. Case No. 2022-03268 

[*1]Antonio Navarro, Plaintiff-Respondent,
v
University Avenue, L.P., Defendant-Appellant.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for appellant.
Hach & Rose, LLP, New York (George Ilchert of counsel), for respondent.

Order, Supreme Court, Bronx County (Leticia M. Ramirez, J.), entered July 28, 2022, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this personal injury action, plaintiff, who was working in defendant's building, testified that his supervisor instructed him to dispose of water in a cleaning bucket by using a sink located in the building's basement. According to plaintiff, the stairs leading to the basement were completely dark, so that he could not see the floor, the steps, or the handrail. Plaintiff testified that he reached for a light switch, and, not finding one, reached for a handrail. As he descended the stairs, his foot slipped on the top step of the unlit stairwell.
Defendant failed to establish its prima facie entitlement to judgment as a matter of law, as plaintiff's testimony raised triable issues as to whether his fall was proximately caused by inadequate lighting on the stairwell and defendant submitted no evidence demonstrating that it was free from negligence. A representative from defendant's property management company testified at his deposition that he did not recall having inspected the staircase on the day plaintiff fell, undermining defendant's claim that it lacked constructive notice of the allegedly inadequate lighting in the stairwell (see De Canio v Principal Bldg. Servs. Inc., 115 AD3d 579, 581 [1st Dept 2014]; Green v New York City Hous. Auth., 7 AD3d 287, 288 [1st Dept 2004]). The representative's testimony that he had a routine of inspecting the building's common areas several times each day was unavailing under the circumstances, as the testimony did not establish that the representative had personal knowledge of the conditions in the stairwell before plaintiff's fall (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385 [2005]).
We reject defendant's allegations that the dark stairwell constituted an open and obvious hazard and that plaintiff failed to exercise reasonable care under the circumstances to avoid it. An open and obvious condition only relieves a property owner of its duty to warn not the duty to maintain the premises in a reasonably safe condition (see Martinez v Contreras, 216 AD3d 532, 533 [1st Dept 2023]). Further, whether plaintiff exercised reasonable care in walking down a dark stairwell merely goes to the issue of comparative negligence (see id.; cf. Garcia v New York City Hous. Auth., 234 AD2d 102, 103 [1st Dept 1996], lv denied 91 NY2d 804 [1997]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023