Werner v Jag 1st Ave Realty LLC (2024 NY Slip Op 00366)

Werner v Jag 1st Ave Realty LLC

2024 NY Slip Op 00366

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 150013/20 Appeal No. 1527 Case No. 2023-03657 

[*1]Tatyana Werner, Plaintiff-Appellant,
v
Jag 1st Ave Realty LLC, Defendant-Respondent, 87 St. Deli Inc., Defendant.
Jag 1st Ave Realty LLC, Third-Party Plaintiff-Respondent,
v
New York Avenue Deli, Inc., Third-Party Defendant.

Law Offices of William Pager, Brooklyn (William Pager of counsel), for appellant.
Farber Brocks & Zane L.L.P., Garden City (Lester Chanin of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered January 30, 2023, which granted defendant Jag 1st Ave Realty LLC's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant made a prima facie showing of entitlement to summary judgment based on the storm-in-progress doctrine by submitting certified climatological records showing that it was snowing at the time of plaintiff's accident, as well as plaintiff's deposition testimony acknowledging that there was heavy snow at that time (see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021 [2016]; DeJesus v Belle Apts. Hous. Dev. Funding Corp., 191 AD3d 424, 425 [1st Dept 2021]; see also Administrative Code of City of NY § 16-123[a]).
In opposition, plaintiff fails to raise an issue of fact. We reject plaintiff's argument that defendant might be liable because it failed to adhere to its own snow and ice removal procedures during a snowstorm. Liability cannot be based on the violation of an internal rule imposing a higher standard of care than the one provided by law, unless plaintiff also makes a showing of detrimental reliance (see Prince v New York City Hous. Auth., 302 AD2d 285, 286 [1st Dept 2003]). Plaintiff makes no such showing, but merely speculates without any supporting evidence that defendant may have made the accumulation of snow worse by negligently removing it (see Bi Fang Zhou v 131 Chrystie St. Realty Corp., 125 AD3d 429, 430 [1st Dept 2015]). Plaintiff also fails to provide any evidence that ice under the snow was already on the sidewalk before the snow began (see Levene v No. 2 W. 67th St., Inc., 126 AD3d 541, 542 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024