Timmons v Praylow (2025 NY Slip Op 02744)

Timmons v Praylow

2025 NY Slip Op 02744

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Index No. 22013/19|Appeal No. 4298|Case No. 2024-02671|

[*1]Tanya Timmons, Plaintiff-Appellant,
v
Charles Praylow et al., Defendants-Respondents.

Ardito Law Firm, P.C., Garden City (Raymond Ardito of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (MacKenzie Fillow of counsel), for City of New York, respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 9, 2024, which granted the motion of defendant The City of New York for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
On September 8, 2018, plaintiff was the passenger in a car driven by Charles Praylow, when, according to plaintiff, it felt as though the vehicle suddenly hit a wall, causing the windshield to crack and the airbags to deploy. Prior to plaintiff's accident, on August 28, 2018, defendant Restani Construction Corp., an independent contractor retained by the City Department of Transportation, milled or scarified the road in the vicinity of the accident. A Restani employee testified at his deposition that, in the ordinary course of milling or scarifying the road, certain utility heads or manholes become elevated and exposed. Part of Restani's work, therefore, involved ramping these manholes with temporary asphalt so that if a vehicle's "wheel traverses toward a manhole, instead of hitting the edge of the manhole, it goes up the angle of the temporary asphalt surface and then goes over the manhole . . . instead of hitting the blunt edge." The record suggests that, instead of driving over the manhole with only one set of tires, Praylow attempted to drive directly over the manhole, which his car's undercarriage then struck. Praylow testified that the vehicle directly in front of him passed over the manhole without incident.
The City's motion for summary judgment must be denied because plaintiff raised triable issues of fact as to whether "work by the City . . . immediately result[ed] in the existence of a dangerous condition" (Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; see also San Marco v Village/Town of Mount Kisco, 16 NY3d 111, 118 [2010]). Where, as here, the City establishes that it lacked prior written notice under Administrative Code of the City of New York § 7-201(c)(2), the burden shifts to plaintiff to show that one of the two exceptions to the rule applies — that the locality created the defect or hazard through an affirmative act of negligence or that a 'special use' conferred a special benefit on the locality (see Yarborough, 10 NY3d at 728; Amabile, 93 NY2d at 474). Moreover, the affirmative negligence exception is limited to work that "immediately results in the existence of a dangerous condition" (Yarborough, 10 NY3d at 728, citing Oboler v City of New York, 8 NY3d 888, 889 [2007]).
Here, there is no dispute that the condition of the manhole as it was when Praylow tried to drive over it was the same as it was when Restani completed its work. Restani's employee testified that the ramping of the milled or scarified manhole was intended to make it safe for one set of a vehicle's wheels to traverse over the manhole, however, he could not say whether that ramping made it safe [*2]for a vehicle to traverse directly over the manhole, with the wheels completely to the side of the entire width of the manhole's ramping. It is this condition that plaintiff alleges was dangerous and defective, and the City adduced no evidence to refute that allegation. Accordingly, whether the City's work — the ramping of the manhole — "immediately resulted in the existence of a dangerous condition," thus rendering the City liable to plaintiff for her injuries, is a question of fact for the jury (see e.g. Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; see also San Marco v Village/Town of Mount Kisco, 16 NY3d at 118).
The City's argument that the court erred in rejecting its argument sub silentio that it is nonetheless entitled to summary judgment dismissing the complaint as against it on the ground that the condition was open and obvious is unavailing. Whether a dangerous or defective condition is open and obvious relates to the duty to warn of the hazard, not the duty to neutralize it (see e.g. Perry v Sada Three, LLC, 222 AD3d 498, 499 [1st Dept 2023]; Navarro v University Ave., L.P., 221 AD3d 412, 413 [1st Dept 2023]; Martinez v Contreras, 216 AD3d 532, 533 [1st Dept 2023]). Summary judgment may only be granted on an open-and-obvious defense "when the established facts compel that conclusion . . . on the basis of clear and undisputed evidence"; otherwise, the inquiry "is generally fact-specific and thus usually a jury question" (Tagle v Jakob, 97 NY2d 165, 169 [2001]; see e.g. Hutson v Regis High Sch., 226 AD3d 478, 478-479 [1st Dept 2024]). The record in this case does not compel the conclusion that the hazard was open and obvious to plaintiff, who was the passenger in the car and not the driver (see Phillips v American United Transportation, Inc., 2019 WL 13210706, *1, 2019 NY Misc LEXIS 51529, *2-3 [Sup Ct, Bronx County, Jan. 10, 2019, index No. 30012/2017E, Higgitt, J.]). We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025