Patterson v 786 E. 182 LLC (2025 NY Slip Op 06392)

Patterson v 786 E. 182 LLC

2025 NY Slip Op 06392

Decided on November 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 20, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rosado, Hagler, JJ. 

Index No. 805958/22|Appeal No. 5207|Case No. 2024-07802|

[*1]Patricia Patterson, Plaintiff-Respondent,
v
786 East 182 LLC et al., Defendants-Appellants.

Molod Spitz & DeSantis, P.C., New York (Robert A. Von Hagen of counsel), for appellants.
Rubin Law, PLLC, New York (Denise A. Rubin of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about December 23, 2024, which, in effect, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff, a tenant of an apartment building owned and managed by defendants, alleges that she was injured when she slipped and fell on ice on the walkway in front of her building. On the day of the accident, it had been raining and snowing before plaintiff left the building, and the building superintendent had removed sleet and snow from the area around the building entrance, placing salt on the ground near the entranceway. The superintendent testified that he was in the process of salting the sidewalk in front of the building when he learned of plaintiff's accident.
Defendants established prima facie entitlement to summary judgment by submitting climatological data and a meteorologist's affidavit showing that there was a winter storm in progress at the time of the accident and that the "storm-in-progress" doctrine therefore applied (see Wexler v Ogden Cap Props, LLC, 154 AD3d 640, 640 [1st Dept 2017], lv denied 31 NY3d 909 [2018]; see also Escobar v New York City Tr. Auth, 220 AD3d 527, 527 [1st Dept 2023]). Defendants' evidence was further corroborated by the deposition testimony of the superintendent, who stated that sleet was falling around the time that plaintiff fell (see Levene v No. 2 W. 67th St., Inc., 126 AD3d 541, 542 [1st Dept 2015]).
In opposition, plaintiff failed to raise a triable issue of fact. Her conclusory deposition testimony that it was not snowing at the time of her accident failed to raise a triable issue of fact (see Lowenstern v Sherman Sq. Realty Corp., 165 AD3d 432, 432 [1st Dept 2018], lv denied 33 NY3d 906 [2019]; see also Giron v New York City Hous. Auth., 187 AD3d 603, 603 [1st Dept 2020]). Furthermore, plaintiff presented no evidence that the superintendent created or exacerbated the icy condition of the walkway through his efforts to clear the snow and ice from the front of the building (see Lewis v 311 Realty, LLC, 201 AD3d 591, 592 [1st Dept 2022], lv denied 38 NY3d 908 [2022]; cf. Pipero v New York City Tr. Auth., 69 AD3d 493, 493 [1st Dept 2010]).
Plaintiff's speculation that defendants' snow removal was inadequate does not raise triable issues of fact (see Encarnacion v New York City Hous. Auth., 161 AD3d 485, 485 [1st Dept 2018]; cf. Baumann v Dawn Liqs., Inc., 148 AD3d 535, 537 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 20, 2025