Serrano v Judlau Contr., Inc. (2026 NY Slip Op 01864)

Serrano v Judlau Contr., Inc.

2026 NY Slip Op 01864

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Index No. 156263/19|Appeal No. 6219|Case No. 2024-06502|

[*1]Nelson Serrano, Respondent,
vJudlau Contracting, Inc., et al., Appellants.

Nicoletti Hornig Namazi Eckert & Sheehan, New York (Joseph M. Santiago of counsel), for appellants.
Pecoraro & Schiesel LLP, New York (Steven J. Pecoraro of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about September 19, 2024, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to establish prima facie that they had adequately provided protection around the raised metal plate corner that allegedly caused plaintiff to trip and fall. Defendants' witness testified only that defendants' employees would place orange construction barrels around those raised areas, but did not establish that this general practice was actually followed on the day of the accident. Accordingly, defendants' argument that they lacked notice of a tripping hazard is unavailing (see Attia v Slazer Enters., LLC, 215 AD3d 413, 414 [1st Dept 2023]). Defendants' photographic evidence of the barrels at the site of the accident was taken several hours before the accident and the end of the workday for defendants, and is not a substitute for evidence that defendants took steps to ensure that the barrels were actually in place at the end of the workday to prevent the accident, which is what defendants needed to demonstrate to shift the burden (see e.g. Manderson v Phipps Houses Servs., Inc., 173 AD3d 459, 459 [1st Dept 2019]).
Any inconsistencies in plaintiff's testimony and affirmation about whether the barrels were in the immediate area when he fell at most raise credibility issues to be resolved at trial, but do not warrant a grant of summary judgment to defendants (see Escolastico v Rigs Mgt. Co., LLC, 232 AD3d 491, 492 [1st Dept 2024]). Further, defendants' argument that the hazard was open and obvious is conclusory and, in any event, only relevant to whether defendants had a duty to warn (see Navarro v University Ave., L.P., 221 AD3d 412, 413 [1st Dept 2023]). The alleged deficiencies in plaintiff's evidence and expert's submission are also irrelevant, because defendants failed to shift the burden to plaintiff to establish an issue of fact.
Finally, the storm in progress doctrine is inapplicable, because the record contains no evidence that the alleged dangerous condition was caused by a storm (see Lewis v 311 Realty, LLC, 201 AD3d 591, 591-592 [1st Dept 2022], lv denied 38 NY3d 908 [2022]).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026